USE OF CHARLES W. JEFFERSON, THE State of Delaware *vs.* HARRY J. STIDHAM and UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation of the State of Maryland.

1.   EVIDENCE—STATEMENTS BY AGENT OF JUDGMENT CREDITOR BEFORE LEVY ADMISSIBLE IN ACTION AGAINST SHERIFF.
Where a sheriff levied execution on wheat belonging to the judgment

debtor, and the wheat which was left in the custody of the debtor was thereafter sold and delivered, evidence that the judgment creditor's agent was present at the time the wheat was delivered and instructed the sheriff to make the delivery was admissible over the objection that the conversation took place before the levy was made.

2. EVIDENCE—STATEMENtS BY AGENT OF JUDGMENT CREDITOR RELA-
TIVE TO TITLE OF PROPERTY LEVIED ON ADMISSIBLE.

In an action on the bond of a sheriff who levied execution on wheat be-
longing to the judgment debtor, where the grain was thereafter sold and
delivered to the purchaser, evidence as to a conversation with the judgment
creditor's agent was admissible, despite objections that the witness should not
be permitted to state that the wheat levied on as belonging to the debtor
was the property of any one else.

3. SHERIFFS AND CONSTABLES—IN ACTION ON SHERIFF'S BOND EVIDENCE
HELD ADMISSIBLE.

In an action against a sheriff on his bond, where wheat levied on was sold
by the judgment debtor, evidence as to the debtor's delivery of his wheat crop
to the purchaser *held* admissible.

4. SHERIFFS AND CONSTABLES—SHERIFF IS NOT LIABLE ABSOLUTELY FOR
LOSS OF PROPERTY SEIZED.

A sheriff is not liable absolutely, at all events, for the loss of property
seized by him and for not having it to apply to the execution, but only for a
loss through want of ordinary care and prudence.

5. SHERIFFS AND CONSTABLES—SHERIFF IS NOT LIABLE FOR OBEDIENCE
TO DIRECTIONS OF PLAINTIFF.

A Sheriff who levies execution on the property of a judgment debtor is
not liable for a loss resulting by reason of obeying the lawful directions of
the judgment creditor.

6. SHERIFFS AND CONSTABLES—SHERIFF IS CHARGED WITH DUTY OF
CARING FOR PROPERTY SEIZED.

The sheriff is charged with the duty of caring for property of the judg-
ment debtor which he seizes in obedience to a writ of execution.

7. TRAIL—JURY SOLE JUDGE OF EVIDENCE.

The jury are the sole judges of the evidence, and may give it such credit
and weight as they deem the same entitled to.

8. EVIDENCE—CONFLICTING EVIDENCE SHOULD BE RECONCILED.

Where the evidence is conflicting, the jury should reconcile it, if possible,
and, if not, reject that least worthy of belief.

*(January 29, 1920.)*

CONRAD an HEISEL, JJ., sitting.

*George N. Davis* for plaintiff.

*Reuben Satterthwaite, Jr.,* for defendant, Harry J. Stidham.

Superior Court for New Castle County, January Term, 1920.

DEBT, No. 136, September term, 1918.

Action by the State of Delaware, use of Charles W. Jefferson,
against Harry J. Stidham and United States Fidelity & Guaranty
Company. Verdict for defendants.

This was an action on the bond of Harry J. Stidham, sheriff, with United States Fidelity & Guaranty Company as surety duly executed and approved. The bond was admitted in evidence; also the judgment mentioned below and the proceedings thereon.

Evidence was introduced by the plaintiff to show that on the sixth day of April, 1916, Charles W. Jefferson obtained a judgment for $5,500 against James I. Padley, tenant of his farm, situate in New Castle county, on half shares. An alias fi. fa. was issued on the judgment to Harry J. Stidham, sheriff, who was directed to levy on the goods and chattels of Padley, including his half part or share of the wheat on the farm, which the sheriff did on August 25, 1916, leaving the property levied upon on the premises in custody of Padley; that there was about 1,300 bushels of wheat on the farm at the time of the levy; taht Padley sold his share of the wheat to one S., delivering it to S. on the day after the levy was made; that one J., acting as Jefferson's agent, was present at the farm on the day and at the time of the levy, but gave no permission to Padley to remove the wheat. The sheriff was unable to produce Padley's share of the wheat at the sale.

[1] The defense was that J., agent of Jefferson, on the day the levy was made, told Padley to deliver his share of the wheat to S., the purchaser, and instructed the sheriff to allow the delivery to be made, thus relieving the sheriff of all responsibility for the wheat. It was also testified that three wagons were, on the day and at the time of the levy, already loaded with part of the wheat.

A witness for the defense was asked on direct examination "What, if anything, did Mr. Janvier (the landlord's agent) say in relation to the wheat which was there loaded—Mr. Padley wheat? A. He said to go ahead and deliver it." The question was objected to coupled with a motion to strike out the answer on the ground that the conversation took place before the levy was made, and it was not, therefore, material. In reply it was contended that the statement was made at the time the levy was being made, and was material; that the defense proposed to show other statements made by plaintiff's agent, on the day of the

levy, indicating that the plaintiff knew at the time of the levy that the wheat in question did not belong to Padley.

CONRAD, J. We overrule the objection, and decline to strike out the answer.

[2] The same witness was also asked. "From the conversation you had with Mr. Janvier after this levy, in relation to the wheat, about what was to be done with it, was anything said by Mr. Janvier as to who had purchased it?" The question was objected to on the ground that the wheat was levied on as the property of Padley, and the witness should not, in this action, be permitted to say it was the property of any one else. *Hargadine, Sheriff, vs. Ford*, 5 *Houst.* 380, 384.

Counsel for defendant contended that if the sheriff levied on the property of some third person, thinking it was the property of the defendant in the writ, it was permissible to show that he had made a mistake; also to show that the plaintiff induced the sheriff to make the levy, though he thereafter, on the same day, consented to the delivery of the wheat to another; that plaintiff was not entitled to recover if it was not Padley's property at the time of the levy; that plintiff admitted, after the levy was made, that it was not Padley's property, and told Padley to move it, and also told the sheriff to allow Padley to do so.

CONRAD, J. We overrule the objection. "A. He did."

[3] "Q" To whom did he say it was to be delivered?" Objected to on the same ground; objection overruled. "A. Mr. John C. Stuckert"—who was called and asked:

"I will ask you if in the latter part of August 1916, James I. Padley delivered his share of the wheat crop from the Jefferson farm to you? A. He did. Q. I will ask you how many bushels he delivered? A. 500." Objected to as immaterial; Padley took the wheat out of the possession of the sheriff, and that is as far as the case goes.

CONRAD, J. We will allow this testimony.

For the defendants, the court was requested to instruct the jury to return a verdict for the defendants.

That the plaintiff is not entitled to recover any damages for the wheat levied upon if they believe (1) the wheat, at the time of the levy, was not the property of James I. Padley; (2) if they believe that the wheat was removed after the levy with the knowledge and consent of and by direction of the plaintiff.

If the plaintiff, by directions to the sheriff, authorized the wheat to remain in possession of James I. Padley, he is estopped from claiming that a loss of the property thereby was due to the negligent conduct of the sheriff in permitting the same to be removed.

The sheriff had the lawful right to leave the goods levied on in the possession of the defendant. *Padley vs. State. 6 Boyce,* 585, 587, 102 *Atl.* 60.

A sheriff is not liable to account to the creditor for property attached where that property does not belong to the debtor. 31 *Cyc.* 1671; *Cleaver vs. Ogle,* 1 *Houst.* 453; *Hagany vs. Herbert,* 3 *Houst.* 628; *Stockwell vs. Robinson,* 9 *Houst.* 313.

If the wheat in question had been sold by Padley before the levy made by the sheriff and the wheat was delivered by Padley to the purchaser within a reasonable time, the plaintiff in this case would not be entitled to recover. *Cleaver vs. Ogle,* 1 *Houst.* 453, 454; *Hagany v. Herbert,* 3 *Houst.* 628, 632.

The writ delivered to the sheriff vested in him the right to seize the goods of Padley, but it did not give him any more right than it does a private individual to seize the goods of a third person. *Stockwell vs. Robinson,* 9 *Houst.* 313, 316, 32 *Atl.* 528.

CONRAD, J., charging the jury:

[4-6]  In the case now before you, Charles W. Jefferson, the plaintiff, brings suit against Harry J. Stidham, late sheriff of this county, and the United States Fidelity & Guaranty Company, his surety, the defendants, the plaintiff claiming that the sum of $900.25, with interest from October 30, 1916, is due to him by defendants, being the value of 650 bushels of wheat levied upon on an execution issued on a judgment of the plaintiff, Jefferson, against one Padley, and which plaintiff claims said H. J. Stidham,

as sheriff, wrongfully allowed to be left in the possession of said Padley.

Defendants urge as a defense that they are not liable to plaintiff for any amount, claiming that the wheat claimed was left in the possession of said Padley by the direction of plaintiff, and that being so directed to leave the goods in Padley's possession, defendants were relieved from liability therefor.

A sheriff is not liable absolutely and at all events for the loss of property seized by him, and for not having it to apply to the execution, but only for a loss through want of ordinary care and prudence.

Due diligence, or the exercise of reasonable care, under all the circumstances, relieves him, and the sehriff cannot be charged with a loss which arises from obeying the lawful directions of the plaintiff in the writ.

In this case, it was the duty of the sheriff to levy on the personal property of the defendant in the writ of execution then in the sheriff's hands, and he was charged with the duty of caring for the property thus seized, in order that it might be later sold and the proceeds of such sale applied to the satisfaction of the judgment of *Jefferson vs. Padley;*   and if the sheriff did not perform his duty in that regard and thereby, it became impossible for him to later sell the property thus levied upon, and for that reason Jefferson suffered loss or damage, plaintiff would be entitled to a verdict for an amount sufficient to compensate him for such loss or damage.

If, however, the jury should find that the failure of the sheriff to care for the property after the levy was induced by the words or acts of the plaintiff, or of plaintiff's duly authorized agent, then the sheriff would not be liable and your verdict should be for the defendants.

The record entries of the judgment and all formal proceedings following are admitted to be in proper shape so the sole question for your determination is whether conduct of the sheriff was such as to render him, under the law, as we have announced it to you, liable for any amount by reason of leaving the wheat in

possession of the said Padley, whereby it became impossible to sell it and apply the proceeds to Jefferson's judgment.

The question of ownership is not an issue in this case.

[7, 8] You are the judges and the sole judges of the evidence and after considering it in all its aspects and bearings your duty is to give it such credit and weight as you in your judgment believe it to be entitled to.

Where the evidence is conflicting, you should reconcile or harmonize it if you can. If you cannot do this, then you are to believe and give credit to that evidence which in your opinion is most worthy of belief and reject that evidence which in your opinion is least worthy of belief.

If the verdict is for the plaintiff, it should be for such amount as you find from the evidence to be the value of the wheat levied upon and not sold at the time of the sale by the sheriff of the other property, described in the inventory and appraisement, with interest thereon from the 30th day of October, 1916.

Verdict for the defendants.