STATE OF DELAWARE, to the use of Knox Henderson, *v.* HARRY C. CLARK and UNITED STATES FIDELITY & GUARANTY COMPANY, a corporation of the State of Maryland.

(*April* 23, 1940.)

RICHARDS and TERRY, J. J., sitting.

*Stewart Lynch* for plaintiff.

*Philip Cohen* for defendants.

Superior Court for New Castle County, No. 79, September Term, 1937.

TERRY, J., delivering the opinion of the Court:

The issue before us is a narrow one and is confined to the question as to whether or not the defendant herein was negligent as a matter of law in the care exercised by him with respect to leaving the said property levied upon herein in the place upon which the levy was executed without placing a guard or guards on said premises.

Under the English theory regarding executions, a Sheriff was bound for the value of the inventory and appraisement of the goods taken in execution, which was a satisfaction of the debt to that amount. The Sheriff, therefore, in practice usually seized and removed from the custody of the defendant all of the goods levied upon.

In this country a less stringent theory has been established in that the Sheriff instead of being liable for the amount of the goods levied upon at the value thereof as returned by him is liable only for the value of the goods and damages, if any, as of the time the goods should have been sold by the Sheriff.

The theory established in this country as the basis of damage has been accepted by the Courts of this State. However, we have assumed a broader view than that laid down concerning the Sheriff's degree of care during the period the goods remain in his custody, and our decisions hold that although the measure of damage is the value of the goods as of the time of the sale, yet negligence is not imputed to the Sheriff by reason of not having the goods available for sale purposes and liability does not attach unless the plaintiff can affirmatively show that the Sheriff in the exercise of his duties did not exercise that degree of care designated as ordinary care.

A Sheriff is not liable absolutely at all events for the loss of property seized by him and for not having it to apply to the execution, but only for a loss through want of ordinary care and prudence. Due diligence or the exercise of reasonable care under all the circumstances relieves him from liability. *Jefferson v. Stidham, 1 W. W. Harr.* (31 *Del.*) 8, 110 *A.* 680.

The Sheriff further is bound to sell the goods levied upon with reasonable diligence and may not put off the sale to the last day allowed by his writ if the plaintiff is injured by such delay. *Janvier v. Vandever, 3 Harr.* 29.

It is well settled that a Sheriff is not an insurer of goods and is responsible or liable only for his failure to use due diligence in carrying out the full mandate of a writ, and for his failure to exercise ordinary care in providing for the safe-keeping of goods that he has levied upon. The

same degree of care that a prudent owner would exercise over the same under like circumstances.

It is presumed as a principle of law that public officers entrusted with duties, properly perform those duties, and this principle applies equally the same to sheriffs as to any other public officer.

The presumption of the performance of a duty may be rebutted and in a case such as this the want of ordinary diligence or care as to the safe-keeping of goods levied upon may be shown. However, these rebuttable facts must be established by the plaintiff.

Under the agreed statement of facts it is disclosed that on June 4, 1936 the plaintiff in said judgment ordered a levy to be executed upon a certain crane and shovel. The statement further discloses that this levy was made in pursuance to the writ by the Sheriff on the 4th day of June, 1936, and further that the plaintiff in said judgment notified the defendants in said judgment that a levy had been made upon the said crane and shovel. However, the statement of facts does not disclose the date the plaintiff instructed the Sheriff to proceed to sell the shovel and crane, the property herein levied upon.

The property herein levied upon falls under the general heading of ponderous property, that is to say, property that is so heavy and bulky in its structure that it is difficult to move. This type of property known as ponderous property by its nature and by reason of its type of construction falls into a category of personal property distinct and far removed from other types of personal property such as an automobile, farming implements, household furniture, live stock, and other personal property which by reason of its nature or type of construction and size would be readily movable and comparatively easy to dislodge from its place and carry away.

The property levied upon herein was a steam caterpillar crane. It was 20 feet in length, 10 feet in width and carried a projecting arm that was 18 feet in length and had a total weight of 18 tons. We find that in order to operate this crane one must necessarily be skilled in the technical art of its mechanism.

It is contended by the defendant and not denied by the plaintiff that in order to operate the caterpillar crane and shovel herein upon the highways of the State of Delaware a permit must be granted by the State Highway Department before said operation, which permit would regulate the time that the same could be operated upon the highway and would designate that the owner thereof would be liable for any damage done to the highway.

Having classified the property herein levied upon and placed it in the category of property designated as ponderous personal property as distinguished from personal property that is not so designated, we reach the question as to whether or not the defendant, Harry C. Clark, the Sheriff, aforesaid, was negligent as a matter of law by causing a levy to be made upon the property herein, located on the premises of the Ludlow Manufacturing Company, and not placing a watchman on said premises to guard said property, the premises being unenclosed.

The plaintiff contends that it is the duty of the Sheriff to employ a watchman to guard property that has been levied upon and is not impounded and that his neglect in the performance of this duty constitutes negligence as a matter of law.

The defendant contends that there exists no statutory duty wherein it is mandatory upon him to employ a watchman to guard property levied upon in all instances, and by reason of not placing a watchman to guard the property in the case before us that Harry C. Clark, the Sheriff afore-

said, was not guilty of negligence as a matter of law. The defendant contends that Harry C. Clark, aforesaid, exercised that degree of care designated as ordinary care regarding the safe-keeping of the crane and shovel herein levied upon.

We find no statute wherein the duty to employ a watchman is expressed. However, we do find several decisions wherein our Courts have clearly laid down the principle of law that a sheriff is not an insurer and that his liability attaches only in the event of his failure to exercise ordinary care in the safe-keeping of the goods and chattels levied upon.

We find no difficulty in distinguishing personal property as to types. However, to draw a designated line as to a class of personal property and say this is ponderous personal property and that is not would be a matter wherein question and opinion might reach into the field of conjecture. By this we mean that each case must necessarily stand on its own merits and circumstances.

In the case before us, we have designated the property herein levied upon as ponderous personal property, and having arrived at this conclusion, it is incumbent upon us to determine as to whether or not Harry C. Clark, the Sheriff aforesaid, exercised that degree of care designated as ordinary care regarding its safe-keeping.

In reflecting this question, we find that the owner of the property received notice of the attachment. We also have considered the statute regulating the time and manner this particular type of property could be operated upon the highways of the State of Delaware. The constructural design and weight of the property herein has been considered. The fact that the owner left the property upon the premises without a watchman to guard it from loss or damage has also been considered.

We heard testimony relative to the establishment of a custom in New Castle County regarding the employment of a watchman to guard property that the Sheriff had levied upon, and it is apparent to us that the general practice in New Castle County is to the effect that if a plaintiff in an execution desires a watchman to guard property levied upon, the plaintiff in the said execution should request such services.

It is admitted in this case by the plaintiff that he did not request or instruct the Sheriff to employ a watchman to guard the property herein levied upon.

It is our conclusion that there being no expressed legal duty upon the Sheriff to employ a watchman to guard the property levied upon and that the plaintiff did not request the employment of a watchman and further taking into consideration the notice that was given to the defendants in said writ of attachment, together with the type of property herein levied upon, the Sheriff was not negligent as a matter of law because of his failure to employ a watchman.

We, therefore, are of the opinion that the contentions of the defendants in this action should prevail, and judgment is hereby entered for the defendants.