STATE OF DELAWARE, to the use of Knox Henderson, *v.* HARRY C. CLARK and UNITED STATES FIDELITY AND GUARANTY CO.

(*May* 9, 1941.)

HARRINGTON, Chancellor, LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Stewart Lynch* for plaintiff in error.

*Philip Cohen* for defendant in error.

Supreme Court, January Term, 1941.

LAYTON, Chief Justice:

The plaintiff, an execution creditor, sued in debt on the official bond of Harry C. Clark, a former Sheriff of New Castle County, to recover damages for the non-forthcoming of personal property levied on.

There was a stipulation of facts from which it ap-

peared that the plaintiff, a resident of Pennsylvania, obtained a judgment in the Superior Court for New Castle County on which a writ of fieri facias was issued and placed in the hands of the defendant Clark for execution. On June 4, 1936, the Sheriff levied on a "Thew eight wheel steam caterpillar crane and clam shell bucket". The machine was approximately 20 feet long, ten feet wide, with a projecting arm of 18 feet in length, and weighed 18 tons. It was found on unenclosed premises of a manufacturing company in Brandywine Hundred, near a lane running east and west from the Delaware River at a point about 900 feet from the water front. No guard was placed over the crane after levy, and no request therefor was made by the plaintiff in the writ. At some time prior to the opening of the ensuing September Term of court the crane was removed from the premises by persons unknown, and it never was recovered. The parties stipulated that if the Court should be of opinion that the Sheriff was negligent as a matter of law in leaving the crane without placing a guard on the premises, judgment should be entered for the plaintiff, the amount of damages to be determined later by the Court; otherwise, judgment should be entered for the defendant. The Court, on its own motion and over the plaintiff's objection, heard testimony with respect to a custom or practice followed by Sheriffs of the County as related to the disposition and care of ponderous property levied on.

Judgment was rendered in favor of the defendants. In an opinion reported in 1 *Terry* (40 *Del.*) 441, 13 *A.* 2d 445, it was held that a Sheriff is not an insurer of goods seized in execution, and is liable only for the failure to exercise ordinary care in their keeping. Importance was given to the practice or custom of the Sheriff's office; that the property levied on was of the class designated as ponderous; that the crane could not be legally moved on the public high-

ways of the State without a permit from the State Highway Department; and that the plaintiff had not instructed the Sheriff to employ, nor was there a statutory duty imposed on the Sheriff to employ, a watchman.

From the stipulation of facts it was seemingly left to the Court to determine the question of negligence vel non from a single fact, the failure of the Sheriff to place a watchman over the crane. It is manifest from the briefs that the minds of counsel were not in accord with respect to the interpretation and scope of the issue. For example, the defendants assert that what the Sheriff did do or might have done in the exercise of due care to safeguard the crane, is not the point; and what precautions he took or might have taken had not been agreed upon nor proved. The Court, so it is said, was not required to speculate as to what a reasonable man should have done in the circumstances, and then determine whether the Sheriff did do any one of those things, but could only decide whether placing a guard over the crane was the only reasonable thing for the Sheriff to have done. The plaintiff disputes this interpretation of the issue, and maintains that it was intended to embrace all of the operative facts; and that for the defendant now to seek to place a limited meaning and construction on the issue stated is not in keeping with the reasons which brought about the making of the stipulation.

As the judgment must be reversed for reasons that will appear, it is sufficient to say that the issue was improvidently stated and was misleading. The essential question for determination was whether the Sheriff exercised reasonable care in the keeping of the property levied on; and the answer was to be found from a consideration of all pertinent and relevant facts, not from a single fact.

The opportunity is offered to settle the law in

this State with respect to the degree of care to be exercised by Sheriffs and Constables in the keeping of property levied on under execution process. The rule derived from the common law is that a Sheriff is absolutely liable for the forthcoming of property levied on unless he has been deprived of it by the act of God, the public enemy or through inevitable accident. 24 R. C. L. 938. In the early cases in the Superior Court, the precise question not being at issue, there are dicta in accord with the common law rule. *Fiddeman,* use of *Davis v. Biddle,* 1 *Harr.* 500; *Janvier v. Vandever,* 3 *Harr.* 29; *Groves v. Bloxom,* 3 *Houst.* 544. And such is the conclusion reached by Judge Woolley in his work on Delaware Practice. (2 Woolley Del. Pr., § 1020). In a much later case, the jury was instructed that a Sheriff is not liable absolutely and at all events for the loss of property seized by him, and for not having it to apply to the execution, but only for a loss through the want of ordinary care. *Jefferson v. Stidham,* 1 *W. W. Harr.* (31 *Del.*) 8, 110 *A.* 680. Few jurisdictions now adhere to the common law view. The rule, supported by the great weight of authority, is that a Sheriff is in a position analogous to that of a bailee for hire, and is bound to exercise that degree of care in the keeping of property under levy which men in general exercise in their own concerns. 25 A. & E. Ency. Law, 712; 57 C. J. 844; 24 R. C. L. 938; *Moore v. Westervelt,* 27 *N. Y.* 234. Upon a balancing of advantages and disadvantages, we think this is a reasonable and practical rule.

██ ██ In any action based on negligence the burden of proving want of due care on the part of the defendant rests, of course, on the plaintiff; but proof of loss or injury establishes a sufficient prima facie case against a bailee to put him on his defense. *Union Stone Co. v. Wilmington Transfer Co.,* 5 *Boyce* 59, 90 *A.* 407. And where, in an action against a Sheriff for the negligent keeping of property

levied on, it is proved, or admitted, that the property has been damaged, destroyed or stolen, it becomes the duty of the Sheriff to go forward with the proof to show, if he can, that proper care in the keeping of the property was, in fact, exercised by him. *Beck v. Wilkins-Ricks Co.*, 179 *N. C.* 231, 102 *S. E.* 313, 9 *A. L. R.* 554.

Negligence, in general, is tested by the reasonable foreseeability of an event which may result in injury. Failure to guard against a reasonably to be expected danger is negligence. *Stucker v. American Stores Corp.*, 5 *W. W. Harr.* (35 *Del.*) 594, 171 *A.* 230; and the vigilance demanded is always to be measured by the danger reasonably to be expected.

In substance, the testimony relating to the custom or practice followed in the Sheriff's office of New Castle County was, that if the property levied on was too heavy to be moved readily, it was allowed to remain where it had been found, the fact reported to the attorney for the plaintiff in the writ, and no guard was placed over the property unless directed so to do. How far this practice was known to the public in general, or to the Bar of New Castle County in particular, did not clearly appear. One witness thought the practice was known generally to the Bar because, as he said, "We generally take that up with them". This was the utmost extent of the evidence in this regard. But even assuming that the testimony was relevant, there is nothing in the statement of facts to suggest that the practice was followed in the instant case, for it does not appear that the plaintiff's attorney was consulted at all with respect to the necessity or desirability of employing a watchman to guard the crane. For this reason alone the testimony should not have been considered.

But there is a more fundamental objection.

The Sheriff was charged with the duty to exercise that degree of care in the keeping of the crane which men in general exercise over property of like class. The custom or practice shown related only to the care which Sheriffs of New Castle County were accustomed to exercise over ponderous property under levy. The substantive law tells us what the standard of conduct for negligence is, and that standard is a fixed one, independent of the conduct of others. To take the conduct of others as furnishing a sufficient legal standard of negligence would be to abandon the standard set up by the substantive law. 1 Wigmore, Ev. 834. As said by Holmes, J. in *Texas & P. Ry. Co. v. Behymer*, 189 *U. S.* 468, 23 *S. Ct.* 622, 623, 47 *L. Ed.* 905,

> "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence."

What has been done by others previously, however uniform in mode it may be shown to have been, does not make a rule of conduct by which the jury are to be limited and governed, if they see in the case under consideration that it is not such conduct as a prudent man would adopt in his own affairs. *Maynard v. Buck,* 100 *Mass.* 40.

■■■■ Custom cannot change the quality of an act; it can only aid in determining what that quality is. A party cannot by his own continued negligences establish a custom by which he is made exempt from liability; nor is legal responsibility for negligence mitigated by the fact that others have been alike negligent. Sheriffs, in their keeping of property under levy, are actors. Their conduct is not to be measured by a standard set up by themselves, but by a standard fixed by the law. That standard is an external one, the decree of care exercised by a reasonably prudent person in a like situation. See *South Atlantic Steamship Co. v. Munkacsy,* 7 *W. W. Harr.* (37 *Del.*) 580, 187 *A.* 600.

Following a custom shown to be general, uniform and notorious may be conduct of a reasonably prudent person; but the care which Sheriffs of New Castle County have seen fit to exercise in the keeping of ponderous property under levy is distinctly not evidence of that degree of care which men in general exercise in their own concerns.

From what has been said, the fact, if it be a fact, that the defendants in the writ, the owners of the crane, left it where it was levied on, unguarded and unprotected, is not, of itself, material in the determination of the question of the Sheriff's negligence.

Sections 5657 and 5700 of the *Revised Code* of 1935 relate to permissions to be issued by the State Highway Department and local authorities for the operation over the public highways of vehicles exceeding certain maxima in size and weight. Apparently, the Court below took judicial notice of the statutes. But there is nothing in the record to suggest that the existence of the statutes was considered by the Sheriff. And, in any event, the statutes were enacted in the general public interest, and not for the protection of Sheriffs in the discharge of duties relating to the care of property under levy. As the case stood before the trial court, the statutes had no pertinency.

Incident to the office of Sheriff as a primary and official responsibility, is the duty to exercise reasonable care in the safekeeping of property levied on. An execution creditor is not bound to instruct the Sheriff in his duty. It is for the Sheriff to judge of the necessities of the case. *Ansonia Brass & C. Co. v. Babbitt,* 74 *N. Y.* 395; *Donham v. Wild,* 19 *Pick. (Mass.)* 520, 31 *Am. Dec.* 161; *Stilson v. Gibbs,* 46 *Mich.* 215, 9 *N. W.* 254. There was, therefore, no duty cast on the plaintiff to request the Sheriff to place a watchman on the premises. Likewise it was immaterial

that there is no statutory duty imposed on Sheriffs to employ a watchman to safeguard property taken in execution. Negligence is a breach of duty whether imposed by rule of the common law or by statute. If there were a statute imposing a duty on Sheriffs to employ watchmen to guard property under levy, failure so to do would be negligence per se; but it does not at all follow that, in the absence of statute, failure in given circumstances to put the property under guard would not be negligence of a flagrant kind.

The judgment of the Court below is reversed with a venire de novo.