## Valente v. The Northampton National Bank of Easton

*David F. Dunn,* for plaintiffs.
*Irving W. Coleman,* for defendant.

WIEAND, *J.,* January 27, 1976 — By this action in equity, plaintiffs, Anthony and Mildred Valente, have requested an order compelling The Northampton National Bank of Easton, defendant, to (1) satisfy a mortgage and (2) pay damages caused to real estate by the bursting of a water pipe. Defendant bank has filed numerous preliminary objections, which are now before the court for decision.

Preliminary objections raising questions of jurisdiction and venue have been withdrawn and will not be decided. By virtue of our disposition of other preliminary objections filed by defendant,

we find it unnecessary to determine whether there has been a misjoinder of causes of action.

The third count in plaintiffs' complaint is redundant and will be stricken. It requests simply that defendant be required to account to plaintiffs for moneys found to be due by virtue of counts 1 and 2.

The second count of plaintiffs' complaint contains an averment that on June 7, 1974, defendant bank caused execution to be issued on certain judgments which it held against plaintiffs. Pursuant thereto, it is alleged, the sheriff of Lehigh County levied upon premises known as No. 1024 West Broad Street, Bethlehem, Pa., and caused the same to be padlocked. Whether the execution included personalty as well as real estate does not specifically appear. The reason for padlocking the premises also has not been alleged. The averment that plaintiffs were thereafter excluded from the improvements on their real estate, however, suggests that personal property or other contents of the building may also have been the subject of defendant's exeuction. In any event, it appears that while the premises were padlocked a water pipe burst, caused by cold weather and a failure to winterize the premises. This produced damages which plaintiffs seek to recover from defendant.

The weakness in this count of the complaint is that defendant was not in possession and did not have custody or control of the premises. Indeed, there is not even an averment that representatives of defendant bank ever went upon the premises. Defendant did not become entitled to possession merely because it was an execution creditor. Rather, it was the sheriff who acquired custody and control of the subject matter of the execution. See: 30 Am. Jur. 2d, Executions, §§266, 267 (1967); 33 C.J.S. 275, §§113, 114. It was his re-

sponsibility to use reasonable care to protect the property in his possession: Hartleib v. McLane's Administrators, 44 Pa. 510 (1863); Commonwealth v. Weglein, 28 D. & C. 393 (1937). See also: 15 P.L.E., 279, §76; Annotation at 138 A.L.R. 710. It was for the sheriff to judge the necessities of the case ,and the judgment creditor was not bound to instruct him in his duty to care for the property levied upon: State to Use of Henderson v. Clark, 41 Del. 246, 20 A.2d 127, 138 A.L.R. 704 (1941).

Because the real estate and the improvements erected thereon were in the custody of the sheriff, defendant bank had neither the right nor the responsibility to go upon the real estate and take affirmative action to keep the improvements in a state of good repair. Defendant, therefore, cannot be held liable for damages caused by a failure to winterize the premises. Its demurrer must be sustained.

In addition to the judgment liens aforesaid, plaintiffs' real estate is subject to the lien of a mortgage held by the defendant bank. The first count of the complaint seeks to compel a satisfaction of that mortgage. This cause of action is predicated upon an alleged agreement that payments thereon would be made "automatically" by defendant from moneys held by it as a depository bank for the tenant of the real estate, Municipal Leasing Systems, Inc. If defendant had complied with the terms of this agreement, it is alleged, the mortgage indebtedness would have been paid in full. It may be, as defendant suggests, that such an arrangement seems preposterous. Unfortunately for defendant's purposes, preposterousness is not enough to permit the sustaining of a demurrer. Preliminary objections in the nature of a demurrer admit as true all facts which are averred in the

complaint, no matter how preposterous those facts may be. Moreover, a court should not sustain preliminary objections which would result in a dismissal of plaintiffs' suit except in cases which are clear and free from doubt: Adams v. Speckman, 385 Pa. 308, 122 A.2d 685 (1956).

Defendant contends further that plaintiffs have an adequate remedy at law in the form of an action to quiet title. To support an action in equity, plaintiffs rely upon the Act of June 11, 1879, P. L. 141, as amended, 21 P. S. §687. This statute, however, has been suspended by Pa. R.C.P. 1455 (14), and the remedy established thereby has been superseded by an action to quiet title under Pa. R.C.P. 1061. The action to quiet title now provides a full and complete remedy for the removal of every type of cloud on the title to real estate. Thus, defendant's contention is sound. Plaintiffs do have an adequate remedy at law. See: Vanity Fair Industries, Inc. v. Scott, 13 D. & C. 2d 679 (1958).

## ORDER

Now, January 27, 1976, it is ordered as follows:

1. Defendant's preliminary objections to the third court of plaintiffs' complaint are sustained, and said count is stricken;

2. Defendant's preliminary objection in the nature of a demurrer to the second court is sustained, and judgment may be entered thereon in favor of defendant;

3. Defendant's preliminary objection to the first count of the complaint averring an adequate remedy at law is sustained, and the prothonotary is directed to transfer the same to the law side of the court where it shall continue as an action to quiet title; and

4. Defendant's remaining preliminary objections are dismissed.