Joel G. KUYPER and Vivian A. Kuyper,
Plaintiffs Below, Appellants,

v.

GULF OIL CORPORATION, Gulf Oil Company, U.S. Division, a corporation,
Defendant Below, Appellee.

Victor Z. FAIVRE, Plaintiff
Below, Appellant,

v.

GULF OIL CORPORATION, Gulf Oil Company, U.S. Division, a corporation,
Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted Oct. 16, 1979.

Decided Dec. 27, 1979.

Robert B. Walls, Jr., Wilmington, for plaintiffs-appellants.

Frederick W. Iobst, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant-appellee.

Before HERRMANN, C. J., and DUFFY, McNEILLY and QUILLEN, JJ., constituting the Court en Banc.

QUILLEN, Justice:

This appeal arises from a consolidated non-jury trial of two cases. Plaintiff homeowners claim property damage arising from a fire which started in the Kuyper home after a Gulf employee sprayed the flue pipe leading from the boiler to the chimney with a chemical designed to burn soot as part of a cleaning process. The Trial Judge found the spread of the fire was caused by a chimney defect, a break in the flue liner at an offset at the second floor level. He therefore determined that the defendant's negligence, if any, did not proximately cause the fire which damaged the plaintiffs' properties. Judgment was entered for the defendant.

■ While we, in our appellate role, take no issue with the Trial Judge's findings of fact and while we recognize that the case received a different emphasis on appeal than at trial, we nonetheless find that the Trial Judge failed to focus on one liability issue legitimately raised by the pleadings. We therefore remand the case for further proceedings. Other bases of liability advanced in this appeal are foreclosed by the Trial Judge's factual findings.[1]

■ Both complaints alleged that the defendant "failed to properly examine and ascertain the condition of the chimney." The label for the soot cleaner spray specifically stated as part of the directions: "DO NOT USE IN PLUGGED SYSTEM OR LEAKY BROKEN FLUES OR STACKS".

In light of the pleadings, and the facts noted above, it is our judgment that the case, as it now stands, cannot be finally determined without consideration of whether, under the factual circumstances present, the defendant, prior to making use of the chemical cleaner, had a duty to inspect the chimney for defects and, if so, whether a reasonable inspection would have disclosed the defect and thus provided a sufficient causal link between a breach of a duty to inspect and the property damage suffered.[2] We make no determination of these matters which appear to us to be primarily within the domain of the Trial Judge. As we read his opinion, he did not focus on the label and inspection issue and therefore we reverse the judgment as prematurely entered and remand the case to the Superior Court to reopen the trial and to conduct any and

1. We agree with the plaintiffs that it is no longer correct in a simple negligence case to say, under the general circumstantial evidence rule that the conclusion of negligence or proximate cause "must be the only reasonable inference possible". The cases of *Henry v. State*, Del.Supr., 298 A.2d 327, 330 (1972) and *Holden v. State*, Del.Supr., 305 A.2d 320, 322 (1973) by necessary implication have changed the law on the civil side as well as the criminal with necessary allowance given for the different burdens of proof. But it is clear under a fair reading of the opinion below as a whole that the obsolete quoted language was not crucial to the decision. As to the claimed applicability of the special doctrine of *res ipsa loquitur*, given the factual finding that the fire was caused by a chimney defect, such doctrine is not applicable.

2. We recognize that, under the contract, the cleaning service is limited to "Boiler or Furnace Cleaning—including the flue pipe and base of chimney (where accessible) when necessary to maintain or improve burner efficiency." But it is one thing for the defendant to say it assumes no responsibility under the cleaning contract for the chimney and another for the defendant to introduce into the exhaust system a chemical in face of an express label warning against its use under certain conditions. Nor, as a matter of law, does custom necessarily establish the standard of care which a reasonably prudent person would use in given circumstances. *Delmarva Power & Light v. Stout*, Del.Supr., 380 A.2d 1365, 1367–1368 (1977); *Suburban Propane Gas Corporation v. Papen*, Del.Supr., 245 A.2d 795, 799 (1968); *State v. Clark*, Del.Supr., 20 A.2d 127, 130 (1941). The issue is not the use of a chemical method of cleaning rather than a mechanical method. The issue is whether, before using the chemical method, there was a duty to inspect and, if so, what a reasonable inspection would have disclosed.

all further proceedings as may be necessary or desirable to dispose of the case.