[No. 6361.]

THE IDAHO GOLD COIN MINING AND MILLING COMPANY v. THE COLORADO IRON WORKS COMPANY.

1. **Evidence—Competency—Self-serving Declarations** — The question being whether the contract relied upon by the plaintiff had been performed, a letter of defendants' agent addressed to plaintiff, and specifying alleged defects of performance, is inadmissible.—(69)

2. **Appeals — Harmless Error** — Sustaining an objection to a question is harmless, where it elsewhere appears that the witness knew nothing of the matter, or by the answer to another question the testimony sought by the first is obtained.—(69)

So of the overruling of an objection to a question which is not answered.—(70)

So of error in the instructions which cannot have misled the jury.—(71)

3. **Contract—Time of Performance—Delays Occasioned by the Other Party**—One who has contracted to perform certain work within a definite period, is not to be prejudiced by delays occasioned by the acts or neglects of the other party, and in an action upon the contract, such neglects being alleged by the plaintiff to excuse delay ·in performance, and being denied by defendant, it is proper to instruct the jury as to the effect thereof. The matter is within the issues even though the defendant claims no compensation for such delay.—(70, 71)

4. **Instructions—Submitting Questions of Law to Jury**—In an action upon a contract, performance being denied, the court after instructing the jury as to the meaning and effect of the contract and that plaintiff might recover if there had been a substantial performance in good faith, even though there might be slight inadvertent or unintentional defects, not affecting the use or value of the structure, charged further, that in determining whether there had been a substantial compliance, with the contract, they should give it a reasonable and practical construction, with respect to each item. Held, not objectionble as submitting the construction of the contract to the jury.—(71, 72)

5. **——To be Construed as a Whole**—Ambiguity in one part of the charge may be cured by what is elsewhere made explicit. —(73)

6. **——Non-direction — An** instruction that if plaintiff was entitled to recover, interest should be allowed from the day when the indebtedness became due, without stating when it fell due, is not erroneous, where no more specific direction was prayed.—(73)

7. **Trial—Rights of Counsel**—Counsel are entitled to discuss the testimony and urge upon the jury the deductions which, from their viewpoint, it establishes or justifies, and this privilege must not be unnecessarily abridged.—(74)

The record examined and held not to justify complaint in this respect.—(74, 75)

8. **Contract—Performance—Substantial Performance**—Substantial performance, in good faith, of a contract to build a mill, entitles the party to an action thereon, although there may be slight inadvertent and casual defects not affecting the use or value of the structure. The contract price may be recovered, less by what it will cost to remedy such defects.—(72)

*Error to Denver District Court—*Hon. GREELEY
W. WHITFORD, Judge.

Messrs. DOUD & FOWLER for plaintiff in error.

Mr. ANDREW W. GILLETTE and Mr. HENRY H.
CLARKE for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

Defendant in error, Colorado Iron Works Com-
pany, engaged to construct, in a thorough and
workmanlike manner, for the plaintiff in error,
The Idaho Gold Coin Mining & Milling Company,
a crushing and cyanide plant, and to furnish all
machinery and appliances necessary for that pur-
pose. The Iron Works Company claimed to have
completed this contract, and brought suit against the
Gold Coin Company upon two causes of action:
(1) To recover a balance alleged to be due under
the contract, and (2) for extras furnished.

For defense to the first cause of action the de-
fendant denied the construction of the plant accord-
ing to the terms of the contract; alleged that the
contract has not been performed, and also pleaded
a counter-claim. As a defense to the second cause
of action, the defendant pleaded that some of the
extras were a part of the original contract, and that
those which were not had been paid for.

To these defenses, so far as affirmative, a rep-
lication was filed. The issues thus formulated were
submitted to a jury with the result that a verdict
was rendered for plaintiff upon which judgment was
afterwards entered. The defendant, the Gold Coin
Company, brings the case here for review on error.
The errors assigned in support of the contention
that reversible error was committed, will be con-
sidered under the following subjects: (1) With re-
spect to evidence; (2) As to instructions given and

refused; (3) The ruling on counsel's argument to the jury.

1.   One of the principal questions involved was, whether or not the plaintiff had performed its contract.   During· the progress of the trial, defendant sought to introduce a letter written by one of its representatives to the plaintiff, in which it was specified wherein the contract had not been fulfilled. An objection to its introduction was interposed upon the ground that it was incompetent.   The objection was sustained.   Declarations of a party, whether written or oral, which are distinctly self-serving, are not admissible in his behalf.

Jones on Evidence (2nd ed.), § 235; 16 Cyc. 1202; *Bd. Commrs. v. Keene Five Cents Savings Bank,* 108 Fed. 505.

The letter in question was clearly within this rule, and no error was committed in sustaining the objection to its introduction.

Questions propounded on cross-examination to witnesses introduced on behalf of plaintiff were objected to, and the objections sustained.   It appears from the subsequent examination of these witnesses that either they knew nothing regarding the matter inquired about, or by an answer to another question the one to which the objection was sustained was covered.

Objections to questions propounded on direct examination to witnesses for defendant were also sustained.   The record discloses that the information sought to be elicited by these questions was secured by subsequent ones.   It may be that the objections under consideration were without merit, and that sustaining them was, technically, error; but as it appears these alleged errors were either cured or were harmless, the defendant was not prejudiced thereby.

Counsel for defendant also complained of a ruling overruling an objection to a question propounded to a witness for plaintiff on direct examination, based upon the ground that it called for the witness to give his understanding, instead of the facts. Although the court overruled the objection, the question was not answered, so that, even if the ruling was wrong, it was non-prejudicial.

2. Error is assigned upon an instruction given for the reason that it related to an abstract proposition not applicable to any issue in the case. This instruction was to the effect that if, by reason of defendant's delay in furnishing certain materials which it was to supply, the plaintiff was delayed in completing its contract beyond the time specified therein, then plaintiff would be entitled to the additional time to complete the plant which was occasioned by the delay of the defendant, and that if it appeared the contract was performed within a period, after the date thereby fixed, corresponding with the delay caused by the default of defendant, the plaintiff would be entitled to recover the same as if its contract had been completed within the time thereby fixed. It is urged that this instruction should not have been given because the defendant was not claiming anything on account of delay in completing the contract. The case as to the first cause of action was tried by defendant upon the theory that the contract had not been performed. The contract specified the date when the structure was to be completed. It was not completed until later.

The contract provided that defendant was to perform certain work and supply certain materials. Plaintiff pleaded that it was delayed through the failure of defendant to comply with its part of the contract in the particulars specified. The defendant

denied that plaintiff had been delayed by reason of any default on its part, for any length of time whatever, and in any event, was not delayed for a period of time in excess of fifteen days, and as the general defense was non-performance, the question of delay was an issue for the jury to determine; so that the question submitted by the instruction under consideration was clearly within the issues between the parties. True, the defendant did not claim damages for delay in completing the contract, but under the defense interposed, it became material to determine whether or not the delay in completing the structure beyond the time specified in the contract was excusable because of the default of the defendant.

It is true, as contended by counsel for defendant, that instructions should not be given submitting to a jury issues not in the case; but even if that proposition was applicable here, it is manifest that the jury were not misled by the instruction to the prejudice of the defendant. The issue on the first cause of action was performance of the contract. If the plaintiff established this, it was entitled to recover; and if, as defendant claims, it did not seek to be relieved from its obligations under the contract because of delay in completing the plant, the fact that the question of delay, under the conditions mentioned by the court, was submitted to the jury, was not prejudicial. On the contrary, it might have redounded to its benefit.

Error is assigned upon an instruction to the effect that in determining whether there had been a substantial compliance with the contract, the jury should give it a reasonable and practical construction with respect to each item as called for by the contract, plans and specifications taken together. The particular ground urged against this instruction is, that the court alone had the authority to construe

the contract, and that it was error to submit the question of its construction to the jury. Instructions must be considered as a whole. The court, by a previous instruction, had construed the contract, and had advised the jury that whether or not, as construed by the court, it had been performed, was a question of fact for them to determine. By the instruction complained of, the jury were further advised that plaintiff might recover even if there was not a literal performance of the contract if it had, in good faith, substantially performed its agreement, although there might be slight defects caused by inadvertence or unintentional omissions, which did not affect the use or value of the structure, and that in such case there would be a substantial compliance with the contract which would entitle it to recover less the amount it would cost to remedy such defects and omissions. Then follows that part of the instruction which, it is claimed, is erroneous. One of the issues presented by the pleadings was, whether or not the plaintiff had complied with its contract. If it had, in good faith, substantially done so, it was entitled to a recovery, less what it might cost to remedy defects and omissions; and in determining whether there had been a substantial compliance with the contract, a reasonable and practical construction with respect to the items specified in the plans and specifications should be given. We see no objection to this instruction. It merely advised the jury to apply common sense in considering the question of whether or not the plaintiff had complied with its contract, and that some inadvertent omission which did not affect the value of the structure and which could be remedied, would not preclude a recovery on the contract price, less what it would cost to remedy the omission.

An instruction given is assailed upon the

ground of ambiguity. Perhaps it is, in a measure, subject to the criticism offered; but, notwithstanding its imperfections, it does not constitute prejudicial error. As before stated, instructions must be considered and construed as a whole. In the case at bar the instructions, when so considered, fairly submitted to the jury the issues of fact between the parties, as formulated by their respective pleadings, and no prejudicial error on this score has been called to our attention.

Error is also assigned on an instruction advising the jury that if plaintiff was entitled to recover, it should be allowed interest at the rate of eight per cent. per annum upon the amount awarded, from the date it became due, because it failed to state when the amount found in favor of plaintiff was due. If counsel for defendant desired a more specific instruction on this question, they should have requested it. They did not, and therefore cannot complain. Mere non-direction is not reversible error in the absence of a request for an instruction covering the alleged omission. Further than this, we think it fairly inferable from the instructions that the jury understood the amount awarded became due when they found that the contract on the part of plaintiff had been complied with, from the date the structure was completed.

Errors are assigned on instructions refused, but as no reasons are advanced in support of the errors alleged to have resulted from the failure to give them other than the general one that these instructions, or some of them, should have been given, these assignments will not be considered.

3. During the argument to the jury by one of the counsel for defendant, he said: "Nobody says that the mill could be run to its full capacity," when he was interrupted by the court stating: "Mr. Doud,

I have refused your instruction on that point, and it is not proper for you to comment on it.'' Counsel then asked: ''Does your Honor hold that whether that mill was completed in a thorough and workmanlike manner or not, I cannot discuss to this jury whether it was run to its full capacity,'' to which the court replied: ''You know the proposition of law that you have embodied in your instructions. It is not proper for the court to pass any opinion on these matters before the jury.''

It is the privilege of counsel to address the jury on the facts. They have the right, by illustration, comments, and reasonings applicable to the testimony bearing on the issues, to present to the jury the deductions which, from their viewpoint, the testimony establishes or justifies. This is a privilege which must not be unnecessarily abridged. In the case at bar, however, when other matters disclosed by the record are understood, it does not appear this rule was violated, or that counsel was precluded from presenting to the jury his views from the evidence why the contract had not been performed by plaintiff, which he claims he was denied when interrupted by the court. There was evidence on the part of the defendant that certain parts of the machinery were not properly adjusted or placed, and for these reasons the mill could only be operated on short capacity. According to the claim of counsel, he was discussing this testimony for the purpose of showing that the mill was not furnished and constructed in a workmanlike manner, when interrupted by the court. Counsel for defendant had requested an instruction to the effect that plaintiff had not shown a substantial compliance with its contract, unless it appeared from the testimony that the plant could be operated to substantially its full capacity in the ordinary and

usual ways that such plants are operated, which was refused. No argument is here made that the refusal to give this instruction was prejudicial error. What we think the court intended by the ruling it made, was, to inform counsel that an argument based on propositions of law embodied in an instruction requested by counsel for defendant, but refused, would not be permitted, and did not intend to prevent counsel from commenting on the testimony relative to imperfections in the machinery and construction, as detailed by the witnesses for the defendant.

Counsel for defendant says, in an affidavit embodied in the bill of exceptions, that in obedience to the ruling of the court he omitted to discuss the evidence as to whether the mill could be run to its full capacity or not; and likewise omitted to discuss the evidence that the inability of the defendant to run the mill to its full capacity was occasioned by defective machinery. Clearly, counsel was not justified in assuming that, by the ruling of which he complains, he was precluded from commenting on any testimony tending to prove that the machinery had not been properly installed, or that the construction of the plant was faulty, in so far as any testimony on that subject tended to prove either defective machinery or faulty installation. The question of the capacity of the mill was but incidentally involved by statements of witnesses, to the effect that certain parts of the machinery could not be operated to a full capacity because of liability of the bearings to heat. What the witnesses may have said on this subject counsel was not precluded by the ruling under consideration from commenting upon, and in the circumstances of this case, we do not regard it erroneous.

The alleged defects in the machinery and installation was practically narrowed to one of the

boxes encasing the shaft of a roll occasionally heating, and a slight deviation of a drive pulley from the vertical when in motion, claimed to have been caused by the bore of the hub not being quite true. The heating of the bearings of new machinery is not at all uncommon, and does not necessarily indicate faulty construction or installation. It appears from the testimony that the defects noticed could have been remedied without a very great outlay. The jury cut down the account of plaintiff several hundred dollars, a sum sufficient to have remedied all alleged defects; and as it appears, practically without dispute, that after the mill was turned over to the defendant, it was operated almost continuously for seven months, when it closed down because of an accident to the machinery, the verdict and judgment should not·be set aside except prejudicial error was clearly made to appear. The record does not disclose any such error, and the judgment of the district court will stand affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.

Decided July 6, A. D. 1910; rehearing denied Nov. 14, A. D. 1910.