No. 17,683.

EVERETT GADDY, ET AL. *v.* THOMAS CIRBO.

(293 P. [2d] 961)

Decided February 14, 1956.   Rehearing denied March 12, 1956.

Messrs. McDOUGAL, ROGERS & SWEENEY, for plaintiffs in error.

Messrs. STONE, BLOOD & MEYERS, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties by name.

Cirbo filed his complaint against Everett Gaddy and Ellis Gaddy, who are brothers, in which he alleged that they committed an unlawful assault and battery upon his person resulting in permanent injuries. He sought to recover actual and exemplary damages, and prayed that execution issue against the body of each of the defendants.

The Gaddy brothers denied the pertinent allegations of the complaint. They alleged that Cirbo received some minor bruises as a result of his own unlawful acts, and that any of their acts resulting in injury to him were committed in necessary self defense and after great provocation. Ellis Gaddy filed a counterclaim against Cirbo charging assault and battery, and prayed for actual and exemplary damages and body judgment. The Gaddys jointly filed an additional counterclaim charging Cirbo with slander in that he allegedly called them vile names. Cirbo denied the material allegations of the counterclaims.

The issues were tried to a jury and a verdict was returned in favor of Cirbo and against each of the defendants. Compensatory damages of $3,875.00 and exemplary damages in the amount of $2,000.00 were awarded, and the jury found that the incident of which Cirbo complained was attended by circumstances of malice, insult, or a wanton and reckless disregard of his rights and feelings. Judgment was entered on the verdict and motion for new trial was dispensed with.

Although the "Summary of the Argument" appearing in the brief of counsel for the Gaddys contains ten asserted points to be argued, actually they add up to only four contentions, namely:

(1) That Cirbo's counsel was guilty of misconduct in his argument to the jury, in the course of which it is claimed that he referred to the Gaddy brothers as "two mad dogs" and as "cowardly, dirty, low down dogs";

(2) That as a matter of law the evidence was insufficient to justify compensatory or exemplary damages;

(3) That the court erred in refusing tendered instructions, and in giving certain instructions over the objection of counsel for the Gaddys; and

(4) The court erred in admitting evidence over objection.

■ Only the first of these, concerning the alleged misconduct of counsel in argument to the jury, merits our attention. It is sufficient to say that the attorney for the Gaddys had characterized the brawl as a "dog fight"; thereafter counsel for Cirbo made reference to the brothers as "two mad dogs" or as "cowardly, dirty, low down dogs." The language of counsel to which objection was made is not contained in the reporter's transcript but appears by affidavit only. The parties are not in agreement as to the exact statement which was made; that whatever the statement may have been it did not purport to quote any of the testimony in the record nor did it relate directly to the evidence, but was the conclusion of the attorney based upon evidence which he considered warranted such description of the defendants. The court in its written instructions to the jury, as well as orally at the time objection was made, advised the jury that the arguments of counsel were not evidence and should not be considered by them as such. Wide latitude is allowed an attorney in advocating his client's cause. We cannot say under the showing here made that the bounds of propriety were overstepped. *Spears Clinic v. Maier,* 128 Colo. 263, 261 P. (2d) 489; *Adams Express Co. v. Aldridge,* 20 Colo. App. 74, 77 Pac. 6. It is stated in 88 C.J.S., p. 373, section 187, that:

"What constitutes inflammatory argument to a jury depends entirely on the facts of the case at hand, and is determined by the trial court in the exercise of its discretion."

■ The trial court in the instant case would not have been justified in granting a new trial because of the alleged misconduct of counsel in argument, and though name calling in the trial of a cause can seldom

be justified and cannot be given our approval in the instant case, it was not sufficient to warrant a reversal of the judgment. There is no merit in the contention that the judgment is not supported by the evidence. Upon the issue of liability a verdict in favor of defendants would have been of doubtful validity. There was ample competent evidence to support the award of exemplary damages and body execution.

No error was committed by the trial court in giving or refusing instructions, and the contention that evidence was improperly admitted likewise is without merit.

The judgment is affirmed.