No. 18,951.

David E. Baker *v.* Darline Y. Williams, et al.

(357 P. [2d] 61)

Decided November 21, 1960.   Rehearing denied December 12, 1960.

Messrs. Mosko & Slatkin, Mr. David B. Richeson, for plaintiff in error.

Messrs. Hornbein & Hornbein, Mr. Roy O. Goldin, for defendants in error.

*In Department.*

Per Curiam.

Defendants in error as plaintiffs sued David E. Baker, plaintiff in error, to recover damages for the wrongful death of Jerry Williams. Darline Y. Williams is the widow and Randy Dal Williams and Collette Sue Williams are the minor children of Jerry Williams. We will

refer to the parties as they appeared in the trial court.

The complaint alleges that Jerry Williams was a passenger in an automobile owned and operated by Baker and that Baker drove his car in a careless, reckless and negligent manner and with a wilful and wanton disregard of the rights of others, thus causing the death of Jerry Williams for which plaintiffs prayed judgment in the amount of $25,000.00.

Defendant Baker, by answer, admitted the relationship between plaintiffs and Jerry Williams and admitted that Jerry Williams was a passenger in the defendant's automobile operated by defendant. He denied all other allegations of the complaint and pleaded affirmatively that the death of Jerry Williams was caused or contributed to by his own negligence, and that his death was caused by an unavoidable accident. Trial was to a jury which returned a verdict in favor of the plaintiffs in the sum of $19,000.00 upon which judgment was entered. Motion for a new trial was denied.

Error is assigned upon: (1) refusal of the court to submit to the jury under proper instructions the question of contributory negligence of the plaintiff, (2) refusal of the court to grant the defendant's motion to dismiss, (3) refusal of the court to declare a mistrial, (4) action of the court in restricting and limiting the defendant in his cross examination of one of plaintiffs' witnesses and (5) giving an erroneous instruction on the measure of damages.

The case was tried on the theory that Jerry Williams was a guest in the car being driven by defendant; that the so-called guest statute, CRS '53, 13-9-1, applied, and that for plaintiffs to recover they had to prove that the accident which caused the death of Jerry Williams was the result of conduct on the part of defendant Baker consisting of a wilful and wanton disregard of the rights of others. The court instructed the jury in substance that if they found from a preponderance of the evidence that defendant drove his car in a wanton and wilful manner

and that such conduct caused the death of Jerry Williams, their verdict should be for the plaintiffs.

The court refused to instruct on contributory negligence and unavoidable accident and thus these defenses were eliminated so far as the jury was concerned.

The motion to dismiss was on the ground that the evidence was insufficient to show a wilful and wanton disregard of the rights of others on the part of defendant, and that it appeared from plaintiffs' evidence that Jerry Williams was guilty of contributory negligence.

The accident in which Williams was killed occurred early Sunday morning, June 16, 1957, at a point about two miles east of Basalt, Colorado. Defendant Baker was driving and Jerry Williams was asleep in the car. Baker went to sleep at the wheel, the car went off the road into the Frying Pan River and Williams was drowned. Baker grabbed some willows and pulled himself ashore. Williams' body was discovered at the bridge in Basalt on September 8, 1957.

Baker and Williams had known each other for some time. They started on a fishing trip together, leaving Denver about 7:00 o'clock P.M. on Friday, June 14, 1957, in Baker's car. They drove all night, reaching a place owned by Baker's sister fifteen miles east of Basalt at about 3:00 o'clock A.M. Saturday. They slept there for a few hours, then fished all day Saturday. They went to Basalt for dinner, drove on to Aspen, thence to Glenwood Springs. They left Glenwood Springs about 2:00 o'clock A.M. Sunday, June 16th, to return to the sister's place, passing through Basalt without stopping. The accident occurred about 3:15 o'clock A.M.

Roy Griffith of the Colorado State Patrol testified that he talked to David Baker very soon after the accident; that Baker said he knew he was getting sleepy and that he dozed off before they reached Basalt but thought he could make it so he continued driving. Mrs. Jackson, mother of Darline Williams, testified that she saw and talked to Baker on Tuesday after the accident and Baker

said that after he and Williams had left Glenwood Springs, Williams asked Baker if he was tired and if he wanted him (Williams) to drive, that Baker said, "No, he would be all right." That Williams then said, "Well, then, if you are not tired I am going to sleep awhile, and if you get tired, wake me and I will drive." Baker further said he felt himself getting sleepy and was going to stop in Basalt and sleep before going on, but arriving in Basalt realized he had only fifteen miles to go and thought he would try to make it anyway. That a mile or so out of Basalt he dozed, the car hit a soft shoulder in the road and a rock and rolled over.

Darline Williams, widow of Jerry, testified that she talked to Baker on Tuesday after the accident, and that Baker said he was dozing before he got to Basalt and that he was going to stop at Basalt and sleep and said, "I got to Basalt, it was sleeting and raining. It was bad. We had only fifteen miles to go. I thought that I would try to make it. I went to sleep. Then I hit the soft shoulder and that woke me up immediately."

A month or six weeks afterwards, Darline Williams again talked to Baker and on the occasion he said, "Yes, I realize I should have stopped when you are tired and sleepy, but do we?"

Baker did not deny making these statements to officer Griffith, Darline Williams or Mrs. Jackson.

In May 1960 we decided the case of *Hodges v. Ladd,* 143 Colo. 143, 352 P. (2d) 660. That decision was announced after the last brief was filed in this case. The facts in the two cases are very similar. The plaintiffs in the *Hodges* case were the father and mother of Connie Hodges who died as the result of injuries received when a car in which she was riding as a guest, and being driven by Ladd, left the road and crashed into a ditch bank.

In the *Hodges* case the trial court sustained a motion for a directed verdict, holding that the evidence did not show negligence or misconduct of a wilful or wanton

character such as is required to overcome the inhibitions against recovery set up by the guest statute. We reversed the judgment.

We said in the *Hodges* case:

"Ladd, up to the time he fell asleep, was doing exactly what he intended to do. His conduct in driving was not the result of an untoward or unanticipated event; his conduct was wilful (defined by Webster as 'self-determined,' 'voluntary,' 'intentional'). Ladd's admitted drowsiness was his premonitory symptom of impending sleep — a warning which he saw fit to intentionally and wilfully disregard, as evidenced by his statement that he thought 'it was so close to home that he could make it on home.' Ladd took the needless chance of falling asleep while driving; he and all drivers are chargeable with knowledge that driving while asleep will probably lead to an accident."

The facts here establishing wilful and wanton conduct are stronger than in the *Hodges* case. The *Hodges* case is controlling here on the question of whether the evidence established negligence consisting of a wilful and wanton disregard of the rights of others on the part of Baker.

The court did not err in submitting this question to the jury and in overruling the motion to dismiss on the ground that the evidence was insufficient to show wilful and wanton conduct on the part of Baker.

Defendant also complains that the court should have submitted the questions of contributory negligence and unavoidable accident to the jury.

In going to sleep Williams cannot be said to have contributed in any way to the accident and his untimely death. The court properly eliminated the question of contributory negligence from consideration of the jury.

Nor did the evidence warrant submission of the question of unavoidable accident to the jury. An unavoidable accident is one happening without fault of any

of the parties involved. Such was not the case here. No error was committed in eliminating unavoidable accident as an issue in the case.

Other claims of error urged by defendant are without merit.

Perceiving no prejudicial error in the record, the judgdent is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.