No. 20,483.

Karl O. Parker *v.* Russell Foxworthy.

(391 P. [2d] 358)

Decided April 13, 1964.

Messrs. Wormwood, O'Dell and Wolvington, Messrs. Tarter and Tarter, for plaintiff in error.

Mr. William R. Aman, Messrs. Rector and Kane, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

IN the trial court defendant in error, who was the plaintiff, secured a judgment against Karl O. Parker for $30,000.00 damages for injuries sustained in a one-car automobile accident which occurred in El Paso County on August 17, 1958. Foxworthy, the plaintiff, was a passenger in an automobile driven by Parker. It was alleged in the complaint that the defendant "drove said automobile wrongfully, unlawfully, carelessly, recklessly, and in a willful and wanton manner," as a result of which plaintiff suffered the injuries of which complaint is made.

Defendant by answer admitted the accident; denied negligence on his part; affirmatively alleged contributory negligence and assumption of risk by the plaintiff; and alleged that the Colorado guest statute barred any recovery by the plaintiff. Trial was to a jury which returned a verdict in favor of plaintiff for the sum of $30,000.00 upon which the court entered judgment.

At the conclusion of the evidence offered by plaintiff both sides rested and defendant's attorney moved for a directed verdict as follows:

"MR. WORMWOOD: If the Court please, at this time, both the plaintiff and the defendant having rested, defendant moves for a directed verdict in favor of the defendant and against the plaintiff on the ground, first, that while there is evidence of simple negligence on the part of the defendant, there is no evidence of wilful and wanton negligence as required by the guest statute, it being admitted under the pre-trial conference order that plaintiff was riding as a guest of the defendant; and second, assuming that there is any evidence of wilful and wanton negligence the evidence is undisputed that the plaintiff assumed any risk connected therewith. There is no dispute in the evidence in this case whatso-

ever, the evidence is undisputed that this boy had had some liquor to drink as well as the other passengers, including the plaintiff. But there is no claim by the plaintiff or any testimony that this drinking had anything to do with the accident. It is admitted — it is undisputed in the evidence that all three boys were tired, that the plaintiff at the time he was talking about leaving and returning home, and the defendant stated he was sleepy and drowsy — that even though the plaintiff had knowledge of this sleepiness and drowsiness naturally could anticipate what would happen did happen, that he assumed the risk of getting into that car. He made no inquiry of this defendant whether or not he thought he could drive the car, and we submit under the Colorado cases where there is no dispute in the evidence as there is not in this case that the plaintiff as a matter of law assumed the risk and is guilty of contributory negligence which precludes his recovery. If there was evidence here that the plaintiff had no knowledge or information or warning of the sleepiness or drowsiness of the driver then I think it would be a question for the jury as to whether or not the defendant driving the car while sleepy and drowsy became wilful and wanton."

This motion was denied.

Over objection of counsel for defendant the court gave Instruction No. 8 as follows:

"If you find from the evidence that the Defendant Parker had forewarning of sleep, or admitted drowsiness and he saw fit to disregard said warnings of impending sleep, he is chargeable with knowledge that driving while asleep will probably lead to an accident and he is therefore guilty of wilful and wanton misconduct."

The objection made to this instruction was as follows:

"MR. WORMWOOD: Defendant objects and excepts to the giving of the Court's Instruction No. 8 in that it practically amounts to a directed verdict for the plaintiff in that including in the instruction 'He is therefore

guilty of wilful and wanton misconduct.' The instruction should state that if the defendant had a forewarning of sleep or admitted drowsiness and knew or should have known, for that reason we feel that the instruction is improper; that it is telling the jury that under the undisputed facts in this case the defendant was guilty of wilful and wanton misconduct as a matter of law. As we understand the two cases in Colorado on sleepiness or drowsiness our Supreme Court has simply held that it is a question for the jury as to whether or not the knowledge of sleepiness and drowsiness was wilful and wanton, and therefore Instruction No. 8 takes that question from the jury. Instruction No. 8 is also contrary to Instruction No. 9, which advises them that it is a jury question as to whether or not defendant's condition of drowsiness or sleepiness was sufficient to constitute wilful and wanton misconduct.

"The defendant has no objection to any of the other instructions given by the Court."

The evidence relating to the question of drowsiness, to which counsel referred in the objection, was supplied by two witnesses and will be quoted later in this opinion.

Plaintiff, who was nineteen years of age, went to the county fairgrounds on the morning of August 16, 1958, where he spent the day viewing the exhibits and other attractions at the Fair and he remained on the grounds to enjoy them. At about 10:30 P.M. he met the defendant, with whom he had gone to school. At the time of this meeting defendant was accompanied by one James Stamm. One of the attractions for the night was a dance, in which they participated. All three boys had some drinks and defendant, as well as plaintiff, consumed some intoxicating liquor but the trial court ruled that this fact was not to be considered as a material matter in the case and no point is here made concerning that ruling.

Plaintiff asked defendant if he could ride home with

him, to which defendant agreed. The three boys drove to Calhan and later returned to the fairgrounds. Finally they all discussed the fact that they were sleepy and tired and might as well go home. Plaintiff testified, inter alia:

"Q. Did Karl Parker make the statement that he was sleepy and tired? A. Yes, sir."

At the trial plaintiff testified on cross-examination:

"Q. And the three of you discussed the situation and you all said you were tired and sleepy, as I understand your testimony? A. Yes, sir. Q. And you made no objection to getting in the car and riding home with Karl knowing he had all the drinks you testified to and knowing he had told you he was drowsy and sleepy? A. No, sir, that's right. Q. And as soon as you got in the car within a matter of a mile why you just went on to sleep and left Karl driving the car? A. Yes, sir, that's right. Q. Knowing he had these drinks and knowing he told you that he was drowsy and sleepy, is that right? A. Yes, sir."

The defendant was called for cross-examination and testified:

"Q. Was there then a discussion as to the fact that you were all getting tired and drowsy and it was time to go home? A. Yes. Q. Had you expressed to Russell and to James Stamm the thought that you were tired and wanted to go home? A. Yes, I had. Q. And had they the same to you? A. Yes, they had."

It is on this state of the evidence that defendant now claims that he was entitled to a directed verdict on the ground that plaintiff had been forewarned of drowsiness and sleepiness of defendant and that therefore plaintiff assumed the risk. We do not read the record as showing that plaintiff was guilty of contributory negligence and assumption of risk as a matter of law, but rather we hold that the facts shown were such that reasonable minds could differ on the question of whether under all the facts and circumstances defendant

460

was guilty of the wanton and wilful conduct necessary to fix liability upon him under the terms of the guest statute. The court did not err in denying the motion for a directed verdict.

■ Instruction No. 8 should not have been given. The objections made to it were sound. There is no dispute in the record that defendant and his companions stated they were tired and all wanted to go home. In view of this undisputed evidence Instruction No. 8 amounted to a direction that defendant was guilty of wilful and wanton misconduct as a matter of law.

■ This court has held that in accidents caused by a driver going to sleep while operating a motor vehicle the question as to whether any forewarning of danger from drowsiness is sufficient to meet the requirements of wilfulness and wantonness under the guest statute is a question for the jury. *Hodges v. Ladd,* 143 Colo. 143, 352 P. (2d) 660. We cannot say under all the circumstances disclosed by the evidence in this case that the erroneous instructions did not work to the prejudice of the defendant.

The judgment is reversed and the cause remanded with directions to grant a new trial.

Mr. Chief Justice McWilliams and Mr. Justice Day concur.