No. 24264.

MARIE RENNELS *v.* MARBLE PRODUCTS, INC., AND
DUANE RENNELS.
(486 P.2d 1058)

Decided June 28, 1971.

HARDEN, OLSON & NAPHEYS, RALPH B. HARDEN, for plaintiff in error.

BLUNK & JOHNSON, GEORGE E. JOHNSON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

THE plaintiff in error, Marie Rennels, was the plaintiff in the trial court. She brought an action for personal injuries which she suffered in the early morning hours of May 15, 1966, while riding in an automobile driven by her husband. At the time the plaintiff was injured, her husband, Duane Rennels, was president of Marble Products, Inc. The Rennels lived in Fort Collins, and the husband elected to go to Denver on business and took his wife with him. After the business portion of the trip was completed, the couple remained in Denver on personal matters until after midnight. They discussed the possibility of staying in Denver and then decided to return to Fort Collins. On the way back to Fort Collins, the wife went to sleep, after asking her husband

whether he was able to drive or desired her conversation to keep him awake. She also asked her husband if he was too tired to make it back to Fort Collins, and he told her that he was not. The defendant-husband fell asleep at the wheel and was awakened by the noise the automobile made as it left the highway and went on the median strip before crashing broadside into a bridge abutment. The plaintiff was injured, and both she and her husband talked to their family lawyer about the facts surrounding the husband's collision with the bridge abutment. The lawyer took a statement from the husband and brought suit against Marble Products, Inc., on behalf of the wife, alleging negligence which consisted of a willful and wanton disregard of the rights of the wife as a result of the acts of the agent of Marble Products, Inc., to-wit: the husband.

Subsequently, the marriage was terminated, and following the divorce, the husband was named as a party defendant. The statement taken by the family lawyer was read to the jury, and the husband was allowed to explain certain inconsistencies between his testimony and the statement. Counsel for the wife claimed that the statement constituted a judicial admission, and that error was perpetrated when the statement was not given recognition as a judicial admission.

At the conclusion of all the evidence, both sides moved for a directed verdict. The court denied both motions and submitted the case to the jury. The arguments that were made to the jury included comments by both counsel as to the husband's statement and the circumstances surrounding the taking of the statement and the explanations offered during the course of the trial. Thereafter, the jury returned a verdict for the defendants, and from that verdict, the plaintiff prosecutes this writ of error. After reviewing the record and after considering the contentions made by the plaintiff in error, we affirm the judgment of the trial court.

## I.

■ The statement given by Duane Rennels to the family lawyer, who had represented both the husband and the wife and the corporation, did not reach the level of a judicial admission. The statement constituted nothing more than a factual summary of the husband's recollections of the events that preceded the collision. In examining the status of the statement that was taken in another guest case, we found that the statement taken by the parties' lawyer, reciting conclusions of law that amounted to a willful and wanton disregard of the plaintiff's rights, was without factual basis to support the conclusion. *Bashor v. Bashor,* 103 Colo. 232, 85 P.2d 732, 120 A.L.R. 1507 (1938). In the *Bashor* case, we refused to consider the conclusions in the statement as binding upon the court. The facts here do not establish that the defendant-husband committed acts which would constitute willful and wanton misconduct as a matter of law.

■■ In dealing with request for admissions under the provisions of C.R.C.P. 36, we have long permitted explanations of the answers given in the discovery process. *McGee v. Heim,* 146 Colo. 533, 362 P.2d 193 (1961). Here, the statement was read to the jury, and the jury was properly instructed. The weight to be given to the statement was for the jury. In *Nitro Powder Company v. Kearns,* 50 Colo. 1, 114 P. 396 (1911), we said: "[A]dmissions are made under a variety of circumstances which add to or detract from their value as evidence, and it is for the jury to determine, when all the facts are placed before them, whether the entire statement or what portion of it should be accepted."

## II.

The primary question is whether the factual background preceding the collision was such as to establish that the defendant Duane Rennels was guilty of willful and wanton conduct as a matter of law. In short, was the defendant's decision to drive to Fort Collins when he

was tired and sleepy such as to require a finding of legal responsibility as a matter of law?

▮ If the evidence was of such a character as to establish willful and wanton conduct as a matter of law, the court should have directed a verdict and should not have submitted the matter to the jury. If the conduct did not, as a matter of law, establish that the conduct was willful and wanton, the matter necessarily had to be submitted to the jury. We have held that in accidents caused by a driver going to sleep while operating a motor vehicle, the question of whether any forewarning of danger from drowsiness is sufficient to meet the requirements of willfulness and wantonness under the guest statute is a question for the jury. *Briola v. Roy,* 170 Colo. 97, 459 P.2d 288 (1969).

A similar fact situation to the one before us in this case was presented in *Parker v. Foxworthy,* 154 Colo. 455, 391 P.2d 358 (1964). In the *Parker* case, the defendant admittedly felt drowsy and sleepy before the accident. In submitting the matter to the jury, the court gave the following instruction [Instruction No. 8]:

"If you find from the evidence that the Defendant Parker had forewarning of sleep, or admitted drowsiness and he saw fit to disregard said warnings of impending sleep, he is chargeable with knowledge that driving while asleep will probably lead to an accident and he is therefore guilty of wilful and wanton misconduct."

This was reviewed by us on appeal in the following language:

"Instruction No. 8 should not have been given. The objections made to it were sound. There is no dispute in the record that defendant and his companions stated they were tired and all wanted to go home. In view of this undisputed evidence Instruction No. 8 amounted to a direction that defendant was guilty of wilful and wanton misconduct as a matter of law.

"This court has held that in accidents caused by a driver going to sleep while operating a motor vehicle the ques-

tion as to whether any forewarning of danger from drowsiness is sufficient to meet the requirements of wilfulness and wantonness under the guest statute is a question for the jury. Hodges vs. Ladd, 143 Colo. 143, 352 P.2d 660. . . .

"The judgment is reversed and cause remanded with directions to grant a new trial."

*Accord, Baker v. Williams*, 144 Colo. 470, 357 P.2d 61 (1960).

The facts in this case, in our opinion, were such that the issue was for the jury.

### III.

The trial court did not err in submitting the case to the jury after both parties had moved for a directed verdict. C.R.C.P. 50(a) provides as follows:

"(a) *Motion for Directed Verdict; When Made; Effect.* A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."

 Where a factual dispute exists, although both sides have moved for a directed verdict, the trial court has no alternative but to submit the matter to the jury. *See Klipp v. Grusing*, 119 Colo. 111, 200 P.2d 917 (1948). *Cf., Denver Company v. Newell*, 115 Colo. 23, 169 P.2d 174 (1946).

Accordingly, the trial court correctly submitted the matter to the jury.

### IV.

 The plaintiff also urges us to reverse the trial

court because of the failure of the court to correct the impression created by defense counsel when argument was made regarding the circumstances under which Rennels' statement was taken. Basically, the permissible scope of argument is a matter that lies within the sound discretion of the trial judge. In *Idaho Gold Coin Mining & Milling Co. v. Colorado Iron Works Co.*, 49 Colo. 66, 111 P. 553 (1910), we said:

"It is the privilege of counsel to address the jury on the facts. They have the right, by illustration, comments, and reasonings applicable to the testimony bearing on the issues, to present to the jury the deductions which, from their viewpoint, the testimony establishes or justifies. This is a privilege which must not be unnecessarily abridged."

Here, counsel for both parties commented on the statement, its relationship to the accident, and its significance. We cannot say that the trial court abused its discretion when we look at the comments which were permitted in the legendary case of *Gaddy v. Cirbo*, 133 Colo. 243, 293 P.2d 961 (1956). *See also, Denver City Tramway Company v. Nicholas*, 35 Colo. 462, 84 P. 813 (1906).

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.