## ALLEN v. THE STATE.

1. Where on joint trial of two persons for murder the jury returned a verdict finding one of them guilty of murder, with recommendation to mercy, and finding the other guilty of "manslaughter" and fixing a maximum and a minimum sentence for him, it was error for the court to refuse to receive the verdict so far as it related to the latter finding, and to require the jury to reconsider the case as to the latter accused under instruction that he could not be convicted of voluntary manslaughter unless his codefendant also was guilty of that offense.

2. The record does not make this an appropriate case for direction that the rejected finding be received and recorded.

No. 5796.   SEPTEMBER 7, 1927.

Murder. Before Judge Tarver. Whitfield superior court. November 27, 1926.

*James A. McFarland, Oliver C. Hardin,* and *Joseph M. Lang,* for plaintiff in error.

*George M. Napier,* attorney-general, *C. C. Pittman,* solicitor-general, and *T. R. Gress,* assistant attorney-general, contra.

ATKINSON, J.  Andrew Allen and Herschel Allen were jointly indicted and tried for murder alleged in the indictment to have been committed by shooting Hogan Richard with a pistol. The evidence tended to show that the defendants were brothers living with their mother in the City of Dalton, where they were employed in a factory, Herschel being the smaller of the two. The shooting occurred at the home of Hogan Richard in the same city, under circumstances as to which the evidence was conflicting. One phase of the case, as shown by the evidence and the statements of the defendants before the jury, was that on the day in question Hogan Richard was sitting on the porch at his home in company with several women and children, reading a book and showing pictures to the children. The defendants came along the street, and Andrew stopped at the gate and inquired the way to the home of another person. While Richard was pointing out the place, Herschel, the other defendant, playfully picked up a rock and threw it at the house, striking the side of the house near where Richard was sitting. Richard picked up the rock or another and threw it at Herschel. While he was thus throwing at Herschel, Andrew, being still at the gate, fired several shots from a pistol in rapid succession, and

Criminal Law, 16 C. J. p. 1104, n. 91; p. 1113, n. 18; 17 C. J. p. 372, n. 68 New.

Homicide, 30 C. J. p. 433, n. 91.

thereby inflicted the mortal wound.  The defendants then ran up the street and on to a vacant lot on which there were weeds, where a short time afterwards they were found and arrested by policemen.  The judge in his charge instructed the jury upon the law of murder and voluntary manslaughter, and upon application of the principle that where two persons engage in a criminal enterprise with a common criminal intent, each will be responsible for the act of the other.  The jury returned one verdict in two sections:  (1) Finding Andrew guilty, and recommending him to the mercy of the court.  (2) Finding Herschel guilty of "manslaughter," and fixing his minimum sentence at 10 years and his maximum sentence at 20 years in the penitentiary.  When the verdict was thus returned the judge informed the jury that in so far as it related to Andrew the verdict would be received and recorded, but that relatively to Herschel it would not be received.  He then proceeded to give further instructions upon the case as it related to Herschel; and after stating that there were two grades of manslaughter, voluntary and involuntary, informed the jury in effect that under the law and the evidence Herschel could not be convicted of voluntary manslaughter unless Andrew was guilty of that grade of homicide.  After this charge the jury returned another verdict against Herschel, finding him guilty and recommending him to the mercy of the court.  His motion for a new trial was overruled, and he excepted.

1.  It is provided in article 1, section 2, paragraph 1, of the constitution of this State (Civil Code of 1910, § 6382):  "The power of the judges to grant new trials in case of conviction is preserved."  The Penal Code, § 1059, declares, in part:  "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity."  In *Welch* v. *State*, 50 *Ga.* 128 (15 Am. R. 690), it was held:  "Where, upon a trial had upon an indictment for the offense of murder, the jury return a verdict finding 'the prisoner guilty of manslaughter,' the legal effect of the verdict was to find the defendant guilty of the highest grade of manslaughter, to wit, voluntary manslaughter."  This decision was cited and followed in *Smith* v. *State*, 109 *Ga.* 479 (35 S. E. 59), holding:  "A verdict finding one tried upon an indictment for murder guilty of 'manslaughter' is, in legal effect, a verdict convicting him of 'voluntary

manslaughter'." Under application of the foregoing principles the verdict as returned by the jury, finding the defendant Herschel Allen guilty of "manslaughter" and fixing a minimum penalty at 10 years and a maximum penalty at 20 years, should be construed as finding the defendant guilty of "voluntary manslaughter," and as being sufficient in form. It was erroneous, therefore, for the court to refuse to receive the verdict, and, without any objection having been urged thereto, to again require the jury to consider the case as to Herschel Allen under instructions that he could not be convicted of voluntary manslaughter unless his codefendant was also guilty of that offense. In this connection see *Register* v. *State*, 10 *Ga. App.* 623 (74 S. E. 429).

2. It is insisted in the brief filed by the solicitor-general, that, in the event this court should rule as indicated in the preceding note, the judgment of the lower court should be affirmed with direction that the verdict which the court refused to receive be received and recorded, and that the defendant be sentenced according to its terms. The present state of the record does not make this an appropriate case for such direction.

3. In view of the ruling made in the first division, it is unnecessary to rule upon other questions made by the motion for new trial and the assignments of error based on the judgment refusing a new trial. *Judgment reversed. All the Justices concur.*

HINES, J., concurring specially. I concur in the judgment setting aside the verdict finding the defendant guilty of murder, and the sentence imposed upon him thereunder. I am of the opinion, however, that a valid verdict finding the defendant guilty of voluntary manslaughter was rendered in this case, to which verdict no exception was taken by the defendant. While the verdict finding him guilty of murder, and the sentence imposed upon him thereunder, should be set aside, the case should be remanded to the court below, with direction to have the verdict rendered by the jury, finding the defendant guilty of voluntary manslaughter, entered upon the minutes, and sentence imposed upon the defendant in accordance with this judgment. The defendant can not rely upon the verdict finding him guilty of voluntary manslaughter as a valid verdict, having the effect to acquit him of the offense of murder, and then in the same breath treat said verdict as invalid as a finding that he was guilty of voluntary manslaughter. He

ought not to be permitted to blow both hot and cold. This court has ample authority to give this direction. Civil Code (1910), § 6103 (2), 6205.