37207.  SHIRLEY *v.* WOODS *et al.*

Decided September 4, 1958.

114

Roy E. Stevens, Dunaway & Embry, James M. Embry, for plaintiff in error.

Bryan, Carter, Ansley & Smith, Melburne D. McLendon, Hugh Burgess, contra.

FELTON, Chief Judge. The court erred in granting a nonsuit. It is fundamental that where a petition is not demurred to and the jury is authorized to find that the plaintiff proves his case as laid he is entitled to a verdict, if the jury finds in his favor, unless the plaintiff goes too far and shows by his own evidence that he is in fact and in law not entitled to recover, and unless the latter appears, a nonsuit is improper. *Fleming* v. *E. I. DuPont de Nemours & Co.*, 89 *Ga. App.* 837, 838 (81 S. E. 2d 529). The Woods contend that the nonsuit was proper for several reasons. The evidence authorized the finding that the parked car of the defendants obstructed the view of Mrs. Dailey and the plaintiff. This court cannot say as a matter of law that the plaintiff is barred from recovery by reason of his own negligence. *Willis* v. *Jones*, 89 *Ga. App.* 824 (81 S. E. 2d 517); *Christian* v. *Smith*, 78 *Ga. App.* 603, 606 (51 S. E. 2d 857); *Georgia Midland &c. R. Co.* v. *Evans*, 87 *Ga.* 673 (13 S. E. 580). If, as the trial court reasoned, there can be no negligence in parking a vehicle anywhere where the law does not forbid it, the petition was subject to general demurrer because it did not allege that any law or ordinance prohibited the parking of a vehicle at the place where defendants' car was parked and this court cannot take judicial notice that a yellow curb in and of itself means illegal and therefore negligent parking. See *Maxwell* v. *State*, 97 *Ga. App.* 334 (103 S. E. 2d 162). The admission of paragraph 9 by the defendants does not add materially to the plaintiff's case because the implication as to the meaning of the yellow line is too

indefinite. As the case is to be tried again, if this admission is withdrawn, the issues in the case would be the same. The fact that cars customarily parked in the yellow line area by direction of the policewoman and consent of the police department is not conclusive on the question of negligence. One may not escape the consequences of his negligence by relying on another's direction or judgment, whether it be policeman (unless authorized by law) or other person. *Arnold* v. *Chupp*, 93 *Ga. App.* 583 (92 S. E. 2d 239). An act in accordance with custom is not relieved of its character as negligence as a matter of law merely because of the custom. ". . . An ordinary custom, while relevant and admissible in evidence on the issue of negligence, is not conclusive, especially where the custom is clearly a careless or dangerous one." 38 Am. Jur. 679, 680, Negligence, § 34. Lastly, even if ordinarily the defendants' act would have been insulated as a remote cause and would not be actionable, this result does not follow when there are allegations of the knowledge of the consequences of the so-called remote cause. Indeed, it would seem that the acts of negligence of all the original defendants would be concurring and that if the jury found for the plaintiff Mrs. Woods' negligence would not be classed as too remote on the idea that Mrs. Dailey's negligence was an intervening agency. *Sprayberry* v. *Snow*, 190 *Ga.* 723 (10 S. E. 2d 179); *Williams* v. *Grier*, 196 *Ga.* 327 (26 S. E. 2d 698). The fact of the negligence per se feature of the case next above is immaterial, as the principle of intervening agency is a question of proximate cause.

We are requested to review and overrule *Register* v. *Andris*, 83 *Ga. App.* 632 (64 S. E. 2d 196). Even if we reversed the ruling in that case it would not aid the defendant in error in this case for the reason that in this case the plaintiff dismissed his action against Mrs. Dailey before the covenant not to sue was executed.

The court erred in granting a nonsuit.

*Judgment reversed. Quillian and Nichols, JJ., concur.*