24648. ANDERSON et al. v. JARRIEL et al.

SUBMITTED MAY 14, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 2 AND JULY 16, 1968.

*Alvin L. Layne, M. O. Strickland, Hatcher, Meyerson, Oxford & Irvin,* for appellants.

*Nat O. Carter,* for appellees.

NICHOLS, Justice. The will of Mrs. Nora Anderson was offered for probate and a caveat filed by eight of her ten children. After judgment for the caveators in the court of ordinary the propounders appealed to the superior court where the jury also found for the caveators and it is from this judgment adverse to them that the propounders now appeal. The sufficiency of the pleadings was not questioned.

■ The first enumeration of error complains of the admission of evidence of an oral statement by the testatrix that she was dissatisfied with the will sought to be probated, and the objection to such testimony was that a will may not be revoked by oral declarations. On the trial of the case the sole ground of caveat was "monomania," monomonia on the subject of the marriage of her children. At the time the will sought to be probated was executed eight of the testatrix's children were married and two were single. The two single children were left the bulk of the estate, the only other gift being a dinette suite which was expressly given to a daughter who had given it to the testatrix.

While it is well settled that testimony of a parol revocation of a will is inadmissible (see *Driver v. Sheffield,* 211 Ga. 316 (85 SE2d 766) and citations), yet such evidence of dissatisfaction with the will expressed after all the children had married was admissible on the question of mental capacity (*Pennington v. Perry,* 156 Ga. 103 (4) (118 SE 710)), and the jury was so instructed. The first enumeration of error is without merit.

■ The second enumeration of error complains of the admission into evidence of an undated document bearing the signature of the testatrix wherein she left all her real property to a daughter-in-law but with instruction to see that one of her sons had the home.

" 'Although there may be a ground of objection to testimony which would have been good if made, yet if the objection made be not good, it will be overruled. *Cox v. Cody & Co.,* 75 Ga. 175 (1 a).' *City of Commerce v. Bradford,* 94 Ga. App. 284, 291 (94 SE2d 160)." *Royal Crown Bottling Co. v. Bell,* 100 Ga. App. 438, 441 (111 SE2d 734). Accordingly, the argument as to the proof of the execution of the document not being in the objection made in the trial court cannot be considered.

The document, like the oral testimony dealt with above, was introduced, and the jury so instructed, for the sole purpose of showing mental capacity as to the alleged monomania. Thus the contention that it was not admissible as a will or as a revocation of the previous will is without merit.

■ The third enumeration of error complains of the exclusion of testimony of a witness for the propounders (the appellants) as to his opinion as to the testatrix's sanity insofar as the marriage of her children was concerned. The trial court was not informed as to the expected answer to the question. Accordingly, this enumeration of error is without merit. See *Griggs v. Dodson,* 223 Ga. 164, 171 (154 SE2d 252), and citations.

■ The sole remaining enumeration of error complains that the trial court erred in overruling the appellants' motion for a directed verdict. The transcript of evidence consists of approximately 475 pages and it would indeed serve no useful purpose to set forth such evidence in detail. Suffice it to say that the evidence, while not without conflict, authorized the jury to find that

the testatrix had an insane delusion on the subject of the marriage of her children. There was evidence that at the time the will was executed only two of her children were unmarried and she left the bulk of the estate to these two children, that each time a child married she would go into a rage and thereafter treat such child as a stranger, that after the last two children married she expressed orally and in writing her dissatisfaction with the will and in writing stated that no Anderson would receive her property. This evidence, together with expert medical testimony based on hypothetical questions, that she was a victim of monomania on the subject of the marriage of her children, was sufficient to present a question for the jury as to whether the monomania existed and whether it produced the will. See *Yarbrough v. Yarbrough*, 202 Ga. 391 (43 SE2d 329), and citations.

*Judgment affirmed. All the Justices concur except Duckworth, C. J., and Frankum, J., who dissent.*