44539. DAWKINS v. JONES et al.

SUBMITTED MAY 29, 1969—DECIDED JUNE 13, 1969.

*George H. Carley*, for appellant.
*Rich, Bass, Kidd & Broome, C. Richard Avery*, for appellees.

EBERHARDT, Judge. ■ "The most common test of negligence is whether the consequences of the alleged wrongful act are reasonably to be foreseen as injurious to others coming within the range of such acts, and what is reasonably to be foreseen is generally a question for the jury. [Citations omitted.] The question for the jury is whether danger should have been recognized by common experience, or by the special experience of the alleged wrongdoer, or by a person of ordinary prudence and foresight [citations omitted]." *Thomas v. Williams,* 105 Ga. App. 321, 326 (124 SE2d 409).

In view of the evidence outlined above, and particularly the precautionary instructions on the label of the sealer can that all pilot lights must be extinguished before using, we cannot hold as a matter of law that Dawkins reasonably could not have anticipated or foreseen that failure to extinguish the pilot light on the furnace would result in damage while applying the sealer. The jury was authorized to conclude that ordinary diligence required Dawkins to extinguish the pilot light on the furnace as well as on the water heater.

■ Dawkins further contends that the only testimony dealing with the standard of care normally observed by contractors performing refinishing work was his own uncontradicted testimony, and that this testimony showed that he regularly performed this type of work under the same or similar conditions as existed in plaintiffs' home when the fire occurred and that the procedure he utilized on that day was identical to that which he followed in performing all such refinishing work.

"An act in accordance with custom is not relieved of its character as negligence as a matter of law merely because of the custom." *Shirley v. Woods,* 98 Ga. App. 111, 115 (105 SE2d 399). "By the great weight of modern American authority a custom either to take or to omit a precaution is generally admissible as bearing on what is proper conduct under the circumstances, but is not conclusive. . . An actor will not be allowed to show conformity with his own individual habits in order to prove due care." 2 Harper & James, The Law of Torts, § 17.3 (1956). As tersely put by Justice Holmes in Texas & Pac. R. Co. v. Behymer, 189 U. S. 468, 470 (23 SC 622, 47 LE 905):

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." See also *Georgia-Alabama Coca-Cola Bottling Co. v. White,* 55 Ga. App. 706, 713 (191 SE 265); Bimberg v. Northern Pac. R. Co., 217 Minn. 187 (14 NW2d 410); State v. Clark, 41 Del. 246 (20 A2d 127, 138 ALR 704); Schiro v. Oriental Realty Co., 7 Wis. 2d 556 (97 NW2d 385); Prosser, Law of Torts, p. 168, § 33 (3d Ed. 1964); 38 AmJur 679, Negligence, § 34; *City of Macon v. Yaughn,* 83 Ga App. 610, 614 (64 SE2d 369); *Arnold v. Chupp,* 93 Ga. App. 583, 585 (92 SE2d 239). It was a jury question whether Dawkins exercised ordinary care under the circumstances.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*