46124.   WELSH et al. v. FOWLER et al.

ARGUED APRIL 5, 1971—DECIDED SEPTEMBER 7, 1971.

*Albert P. Feldman,* for appellants.

*Neely, Freeman & Hawkins, Albert H. Parnell, Long, Weinberg, Ansley & Wheeler, Meade Burns,* for appellees.

BELL, Chief Judge. 1. Enumerations 1, 3, 5, 6 and 7 all concern the sustaining of objections to questions propounded to the plaintiff husband and another witness called in his behalf by his counsel. The trial court was not informed as to the expected answer or content of this excluded evidence. Refusing to allow questions on direct examination cannot be held to be error where no offer of proof was made which would disclose to the trial judge that the evidence excluded had materiality or relevance to issues in the case. *Griggs v. Dodson,* 223 Ga. 164, 171 (154 SE2d 252); *Anderson v. Jarriel,* 224 Ga. 495 (3) (162 SE2d 322); *State Hwy. Dept. v. Willis,* 106 Ga. App. 821 (1) (128 SE2d 351).

2. Enumeration 8 concerns the refusal of the trial judge to allow plaintiffs' witness who had testified and had been excused to be recalled. The reason for the exclusion was that after being excused this witness remained in the courtroom where he heard the testimony of other witnesses. Even if there was an abuse of discretion by the trial judge in not allowing the witness to be recalled, which we do not decide, applying the same principle as in Division 1 there can be no reversible error as no offer of proof was made as to the expected testimony of this witness.

3. Enumeration 3 complains of the exclusion of plaintiff husband's testimony that after his fall, a carpenter present "went down into the ditch to see if there were any nails in it. He came back holding a small nail like this (indicating)." The court in sustaining an objection to this testimony instructed the jury to disregard what the carpenter "intended to do or what he did." While it is not clear from the judge's instruction that all this testimony, including the description of the nail which is the only part that appears to have any materiality, was excluded, no further offer of proof was made that the small nail came from the window frame in question. See Division 1.

4. The plaintiff husband testified that he was performing his work in a normal way at the time of his fall. Then he was asked if this was an accepted way to perform this work in his trade. Objection was made to this testimony and to the latter question which was sustained. There was no error. It is obvious that the purpose of this evidence was to show that by doing this work in his "normal" way he was therefore in the exercise of ordinary care. "An actor will not be allowed to show conformity with his own individual habits in order to prove due care." *Dawkins v. Jones,* 119 Ga. App. 796 (168 SE2d 881). As to the question as whether it was the "accepted" way to perform, no offer of proof was made so as to inform the court what answer was expected. Enumeration 4 has no merit.

5. Enumerations 9 and 10 complain of the failure of the court to charge two of plaintiff's requested instructions, both concerning fixing damages for pain and suffering; mutilation of the person; impaired capacity to pursue the ordinary application of life, and diminished capacity to labor. The substance of these requests was covered in the court's charge. Failure to give a request in the exact language is not error. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905).

6. The court instructed the jury that the plaintiff would not be entitled to recover damages of defendant Moore for any injuries caused by plaintiff's negligence; on comparative negligence; on the duty to apprehend and ascertain danger and the avoidance of the consequences of discovered danger; assumption of risk; forseeability of probable harm; and that if the husband's injuries resulted

from his own erroneous judgment, the doctrine of comparative negligence would not apply. These instructions were all warranted by the evidence and are not erroneous for any reason advanced. Enumerations 12, 13, 14, 15, 16 and 17 are without merit.

7. In preliminary instructions to the jury, the court advised that the pleadings "will be out with you for your inspection." The court also instructed with reference to the answer of the defendant Moore that those paragraphs of plaintiffs' complaint which have not been "admitted or denied" in defendants' answer will be treated as being denied and the plaintiffs must prove the truth of those allegations in his complaint. At the conclusion of the whole charge, the trial judge told the jury to retire to the jury room, but not to begin deliberations until the court "sends" the pleadings into the jury room which will be a signal to begin deliberations. Thereupon the court heard exceptions to the charge from counsel. Plaintiffs objected to pleadings "being sent out" to the jury. Counsel for the defendant Moore joined in this objection and the court ruled that it would not "send them out." Now plaintiffs enumerate as error the "sending" of the pleadings to the jury. While we know of no provision of statute or any case, and none has been cited, that prohibits furnishing the pleadings to the jury, there can be no error here as the transcript clearly shows that the jury was never given the pleadings and hence could not have examined them. Error is also enumerated as to the court's charge on the pleadings. As the pleadings were never placed in the jury's hands at plaintiffs' insistence, the court's charge on the consideration of the pleadings could not be the source of any harm to plaintiffs. Enumerations 11 and 18 have no merit.

8. Enumeration 19 complains of the charge "I further charge you that if you do not find the injuries of plaintiff to be permanent, you should entirely disregard the probable length of life of the plaintiff and you should not even take that into consideration." The instruction was excepted to on the ground that the evidence is uncontradicted that plaintiff husband's injuries were permanent and thus an instruction on temporary disability was not warranted. This charge followed a prior instruction on the permanency of plaintiff's injuries and consideration of his life expectancy in connection with damages for future pain and suffer-

ing. In determining whether a plaintiff is entitled to recover for future pain and suffering, it is proper for the jury to ascertain, from the evidence, whether the injury which occasioned the suffering is permanent or merely temporary. *Southern R. Co. v. Wright,* 6 Ga. App. 172 (64 SE 703). The gist of the whole instruction correctly informed the jury that in order for it to award damages for future pain and suffering, it must find that the injury is permanent, nothing more and nothing less. *Southern R. Co. v. Wright,* supra. This does not amount to an instruction on temporary disability as claimed. The instruction was not erroneous.

9. Under any theory of liability for negligence, the evidence introduced with all reasonable deductions demanded a verdict for the defendants J. J. Fowler, Inc., and J. J. Fowler, individually. The grant of their motions for directed verdict, which is the subject of enumeration 20, was not error.

10. As to the plaintiff wife's claim for her loss of consortium, the jury returned a verdict in favor of the defendant. It is contended that since the husband recovered in his case, it was error to enter judgment on the jury's verdict in the wife's case. One spouse's right of action for the loss of the other's society is a derivative one, stemming from the right of the other. *Hightower v. Landrum,* 109 Ga. App. 510 (4) (136 SE2d 425). It does not follow that in separate suits by the husband and wife, but tried together, that if the husband recovers for injuries based on the negligence of a third person the wife is ipso facto entitled to recover damages in some amount for the loss of her husband's consortium. The question of damages is a matter left for determination by a jury. *Code* § 105-2015. The evidence as to her loss of her husband's society consisted of her own testimony and authorized the jury to find that the wife suffered no damage. It is the duty of the appellate court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge. *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393).

11. The verdict for the husband for $5,150 is not inadequate. The fact that the verdict may have approximated the amount of the special damages does not show bias, prejudice or gross mistake on the part of the jury. This is especially true in a situation where the rule of comparative negligence was applicable. *Murray*

*v. Woods,* 106 Ga. App. 267 (126 SE2d 828). Enumeration 22 is not meritorious.

*Judgments affirmed. Pannell and Deen, JJ., concur.*