## 48216. MATTISON v. JACKSON-ATLANTIC, INC. et al.

STOLZ, Judge. The plaintiff appeals from the grant of defendant Jackson-Atlantic, Inc.'s motion for summary judgment in his action for damages for personal injuries he sustained on that defendant's premises.

The showing on the motion was substantially as follows: The plaintiff, as manager and part owner of a business, enlisted the aid of a friend to drive the business' station wagon so that the plaintiff could avoid parking or stopping traffic while running errands for the business. With his friend in the right front passenger seat, the plaintiff backed his vehicle to within about six feet from the loading dock of the defendant ice plant; went inside and purchased ten fifty-pound bags of ice for his business; came back and lowered the vehicle's rear window from the inside with the engine off; went back and opened the tailgate; then, while standing on the ground (which was level in the area of the loading dock), commenced loading the bags into the station wagon with the assistance of two of the defendant ice plant's employees, who were standing on the loading platform. When the plaintiff had loaded about half of the bags into the vehicle, his "friend" moved over into the driver's seat and started the engine while it was in reverse gear, causing the vehicle to back up and crush the plaintiff's legs against the platform. The plaintiff had patronized the defendant's plant for an average of 5 days a week for 4 years previously, and had assisted in the loading of his vehicle on many occasions. The defendant company's alleged negligence consisted of (1) failure to maintain a lookout, (2) failure to furnish sufficient personnel for the loading of ice, and (3) failure to provide a safe area for the loading of ice. The supporting affidavit of an expert (engineer) was to the effect that the defendant's loading facilities were constructed in accordance with the general usages of those engaged in that business, that any type of barrier on the ground would have prevented loading vehicles from making proper contact with the loading platform, and that the loading dock, as constructed, represents no risk to persons on the premises. *Held:*

The trial judge properly granted the defendant ice plant's motion for summary judgment, because there was no "genuine issue as

to any *material* fact." (Emphasis supplied.) Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). With regard to the alleged failure to maintain a lookout, it is not shown how a lookout could have anticipated, warned against, or prevented the unexpected starting and backing up of the plaintiff's vehicle. Concerning the alleged failure to furnish sufficient personnel for the loading, it appeared that the two employees used, frequently did the loading by themselves, and that the plaintiff, on this and on some other occasions, was merely acting as a volunteer to expedite the loading process. With respect to the allegation of an unsafe loading area, this was pierced by the affidavit of the expert, to the effect that the loading dock was constructed in accordance with the general usages of those engaged in that business. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693); *Kahn v. Graper,* 114 Ga. App. 572, 575 (152 SE2d 10); *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881). A barrier on the ground, which the plaintiff contends would have prevented his injury, would not be feasible because of the variety of lengths of overhang of the various types of vehicles which use the loading dock. Hence, the failure to maintain such a barrier, which is the only negligence urged with respect to the physical condition of the premises, does not constitute negligence.

However, even conceding that some or even all of the expert's affidavit constituted mere opinion evidence upon which the grant of the summary judgment could not be based, *Ginn v. Morgan,* 225 Ga. 192, 193 (167 SE2d 393), leaving an issue or issues of fact as to the movant-defendant's negligence in this regard (or any other for that matter), these would not be issues of *material* fact, since the undisputed facts show as a matter of law that the (or a contributing) proximate cause of the plaintiff's injuries was the negligence of his "friend" in backing the vehicle into him. See *Savannah Electric Co. v. Wheeler,* 128 Ga. 550, 562 (58 SE 38, 10 LRA (NS) 1176); *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 439 (99 SE2d 209); *Blakely v. Johnson,* 220 Ga. 572 (140 SE2d 857); *Dunbar v. Davis,* 32 Ga. App. 192, 193 (122 SE 895); *Davis v. City of Toccoa,* 93 Ga. App. 155 (91 SE2d 89). Furthermore, even if there was a defect in the premises as contended, it was patent and the plaintiff had equal knowledge thereof with the defendant company due to his familiarity with the premises. *McGeeney v. Robertson,* 102 Ga. App. 318 (116 SE2d 252); *Taff v. Harris,* 118 Ga. App. 611, supra; *Auerbach v. Padgett,* 122 Ga.

App. 79, 80 (176 SE2d 193). It does not appear that any incident like this "freak accident" had occurred previously, so as to charge the defendant-movant with foreseeability of this act, which was too extraordinary, unusual, unlikely and rare to. be foreseeable as a matter of law. See *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672 (165 SE2d 179); *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, supra.

*Judgment affirmed. Eberhardt, P. J., concurs. Pannell, J., concurs specially.*

ARGUED MAY 4, 1973 — DECIDED JUNE 22, 1973.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellant.

*Fierer & Devine, Foy R. Devine,* for appellees.

PANNELL, Judge, concurring specially. I concur in the judgment of affirmance solely on the ground that the act of plaintiff's helper in operating the automobile and backing it into plaintiff was the sole proximate cause of the plaintiff's injury. I cannot agree with some of the reasoning of the remainder of the opinion, particularly the ruling that "with respect to the allegation of the unsafe loading area, this was pierced by the affidavit of the expert, to the effect that the loading dock was constructed in accordance with the general usages of those engaged in. that business." While I can see that such evidence is admissible, as it is "competent to prove that the same thing was done by others in the same situation who were, presumably, ordinarily prudent men" (*Arrington Bros. & Co. v. Fleming,* 117 Ga. 449, 451 (43 SE. 691, 97 ASR 169)), yet, in order to pierce pleadings on motion for summary judgment the evidence must demand the finding required. Evidence as to what the custom of other men may happen to be does not demand a finding that one who follows that custom is not guilty of negligence. It is for the jury to find whether the others were ordinarily prudent men. " 'An ordinary custom, while relevant and admissible in evidence on the issue of negligence, is not conclusive, especially where the custom is clearly a careless or dangerous one.' 38 AmJur 679, 680, Negligence, § 34." *Shirley v. Woods,* 98 Ga. App. 111, 115 (105 SE2d 399). " 'The practice of others engaged in similar business is not the standard by which to measure the care required of one bottling highly-charged beverages for the trade.' Grant v. Graham Chero-Cola Bottling Co., 176 N. C. 256 (97 SE 27, 4 ALR 1090)." *Georgia-Alabama Coca-Cola Bottling Co. v. White,* 55 Ga. App. 706,

713 (191 SE 265). "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." Texas & P. R. Co. v. Behymer, 189 U. S. 468, 470 (23 SC 622, 47 LE 905), cited with approval in *Dawkins v. Jones,* 119 Ga. App. 796, 798 (168 SE2d 881).