## 31240. LEE v. THE STATE.

Nichols, Chief Justice.

Ennis Lee, also known as Bobby Lee, was indicted, tried and convicted of the offense of murder. He received a life sentence and his motion for new trial was overruled. The appeal is from such conviction.

1. Shortly after 9 p.m., August 18, 1973, Herbert Scott was asleep in bed while Agnes Bush, with whom he lived, was preparing dinner in the kitchen. There was a knock on the door and when she went to the door, the person identified by her as Ennis, or Bobby, Lee asked if Herbert Scott was home. She then went to the bedroom and awakened Herbert Scott and returned to the kitchen where she continued to prepare dinner. Within minutes she heard shots fired and ran to the bedroom where she discovered Ennis Lee standing over the bed with what appeared to be a pistol in his hand. At this time she ran out the back door of the house seeking help. Patricia Ann Wade, who lived in the other side of the duplex, called to Agnes Bush and asked what had happened. When told what had occurred, she went to the victim while Agnes Bush entered Patricia Ann Wade's home to call the police. When Patricia Ann Wade arrived at the scene of the shooting, the victim was still in life and in her presence and in the presence of two police officers made a dying declaration in which he identified the person who had shot him. According to Patricia Ann Wade, the victim identified his assailant as "Bobby" while according to the police officers the victim identified his assailant as "Benny." The police officers stated that at the time the

"dying declaration" was made, the victim was moaning and moving about—thrashing about in the bed because of the pain that was evidently hurting him, and he said "in a soft voice as to what we understood it to be as being 'Benny.'"

The defendant testified in his own behalf and relied upon his friendship with the deceased as well as the impossibility of his presence at the scene of the crime (alibi). The defendant introduced the testimony of a bartender who sought to establish the presence of the defendant at such bar away from the scene of the crime both before and after the shooting occurred. The evidence authorized the verdict of the jury and the trial court did not err in overruling the defendant's motion for new trial based upon the usual general grounds.

2. Under decisions exemplified by *Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512) (1972); *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972), the trial court did not err in overruling the defendant's motion for mistrial in which it was contended that the state placed the defendant's character in issue by exhibiting a "mugshot" in the presence of the jury.

3. "Where an objection is sustained to testimony sought to be elicited from a party's witness on direct examination, and the trial court is not informed as to the testimony expected, the ruling of the trial court will not be reversed." *Anderson v. Jarriel,* 224 Ga. 495 (3) (162 SE2d 322) (1968). Accordingly, where during the examination of a witness for the defendant an objection was made by the district attorney and sustained by the trial court and, where there was no showing of the expected testimony made to the trial court, the exclusion of such testimony does not constitute harmful error.

4. The remaining enumerations of error, though not specifically argued, have been carefully examined and show no harmful error. The judgment of the trial court overruling the appellant's motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 15, 1976 — DECIDED JULY 1, 1976.

*Lorenzo C. Merritt,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.