### 53026. COHRAN v. THE STATE.

MARSHALL, Judge.

Appellant Cohran brings this appeal from his conviction for forgery in the first degree and sentence to 10 years imprisonment. He enumerates four errors, three concerning the failure of the trial court to give requested instructions and the fourth contending that the evidence fails to support the verdict. *Held:*

1. The evidence shows that appellant prepared a check naming as payee a person whose identification papers had been stolen earlier and which papers were in the possession of appellant or a female companion at the time he attempted to cash the check. Appellant also signed the check as maker in a fictitious name though the firm upon whose account the check was drawn had never heard of the fictitious maker or of the appellant and had given no permission for the appellant nor any other person to prepare and make the check. Appellant and a female companion representing herself as the payee and using the stolen identification, presented the check for payment. While an inquiry was being made of the firm upon whose account the check was drawn, the female companion disappeared but appellant was apprehended. A handwriting comparison expert testified that appellant affixed both the written name of the payee on the check as well as the signature of the maker.

"On appeals from findings of guilty, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders

have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finders to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). Construing the evidence to uphold the verdict, and resolving conflicts against appellant, as we must, we find there is evidence to support the verdict and we will affirm. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455); *Hess v. State,* 132 Ga. App. 26, 28 (207 SE2d 580); *Taylor v. State,* 128 Ga. App. 13, 14 (195 SE2d 294).

2. Appellant requested three specific charges by the trial court. The first contained an incomplete and therefore misleading principle of law. In its charge the trial court fully covered all the principles of law requested by appellant though not in the precise language requested. Failure to charge in the exact language requested, where the charge given substantially covered the same principles is not error. *Pollard v. State,* 236 Ga. 587, 589 (224 SE2d 420); *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820); *Atlanta &c. R. Co. v. Armstrong,* 138 Ga. App. 577, 581 (227 SE2d 71); *Jones v. Tyre,* 137 Ga. App. 572, 575 (224 SE2d 512); *Welsh v. Fowler,* 124 Ga. App. 369 (5) (183 SE2d 574); *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905). There is no merit in these enumerations.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted November 3, 1976 — Decided January 10, 1977.

*James C. Carr, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.