## 53615. SMITH et al. v. THE STATE.

BANKE, Judge.

Hubert and Montez Smith, husband and wife, were jointly indicted for murder. The jury found Hubert Smith guilty of voluntary manslaughter and Montez Smith guilty of involuntary manslaughter. Defendants appeal. *Held:*

1. The evidence shows that defendants were at a dance when they received information that Charles Hyde, the brother of Hubert Smith's former wife, had gone to their home in an intoxicated condition and picked up the two minor children of Montez Smith by a previous marriage and the adult married daughter of Hubert Smith (the neice of Charles Hyde), who was baby-sitting for them. The defendants drove to Hyde's mobile home where they saw his wife and infant son waiting outside in a car. She was asked of Hyde's whereabouts and responded that he was in the trailer. Montez Smith then told her, "Well, your son is going to be an orphan because we're going to kill that son of a bitch." The defendants

stood outside for a short time, cursing, beating on the mobile home and shouting threats to Hyde who made no response. Montez Smith then broke a window, reached in and opened the door, and entered the mobile home followed by Hubert Smith. There were sounds of a beating or fight taking place followed by a gunshot. Hubert Smith came to the door of the mobile home and stated that he had shot Hyde in a struggle over Hyde's rifle. In addition to the gunshot wound, which was the primary cause of death, Hyde suffered bruises and lacerations.

2. As to Hubert Smith, the evidence is sufficient to support the verdict. There was no error in denying defendant Hubert Smith's motion for new trial. See *Cohran v. State,* 141 Ga. App. 4 (1) (232 SE2d 355) (1977).

3. The evidence is uncontradicted that Hubert Smith fired the fatal shot. Since Montez Smith did not commit the homicide, her culpability would arise only as a party or co-conspirator to the crime. "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of *the crime.*" Code § 26-801 (a). (Emphasis supplied.) The jury found *the crime* committed was that of voluntary manslaughter. Was she a co-conspirator? When individuals associate themselves together to do an unlawful act, any act done in pursuance of that association, by any one of those individuals to the conspiracy, would, in legal contemplation, be the act of each of them. Where a conspiracy is shown, as it may well have been in this case, the act of one becomes the act of all and each is as fully responsible for the act of the other in carrying out the common purpose, as if she, herself, had committed the act. The jury found the act committed was that of voluntary manslaughter, whereas she was convicted of involuntary manslaughter. Thus, it necessarily follows that the jury found Montez Smith guilty of a crime that it also determined was not committed.

Not only is the verdict as to Montez Smith inconsistent with the verdict pertaining to Hubert, it is also repugnant to the evidence. Montez made a very clear announcement immediately prior to entering the trailer

that she and her husband intended to kill Hyde. There is absolutely no indication that she was engaged in any conduct through which she could have unintentionally caused Hyde's death. See Code Ann. § 26-1103 (Ga. L. 1968, pp. 1249, 1276). Accordingly, the verdict as to Montez Smith is reversed.

In a case where there is more than one party and the jury could properly find various degrees of homicide, the better procedure would be for the trial judge to carefully instruct the jury as to which homicide the principles of conspiracy and parties to crime would and would not apply.

4. "Where an objection is sustained to testimony sought to be elicited from a party's witness on direct examination, and the trial court is not informed as to the testimony expected, the ruling of the trial court will not be reversed." *Anderson v. Jarriel,* 224 Ga. 495 (3) (162 SE2d 322); *Lee v. State,* 237 Ga. 179, 180 (3) (227 SE2d 62).

*Judgment affirmed in part and reversed in part. Bell, C. J., Quillian, P. J., Webb, Marshall and Shulman, JJ., concur. Deen, P. J., concurs in the judgment only. Smith and McMurray, JJ., concur in Divisions 2 and 4 and dissent in Division 3.*

SUBMITTED MARCH 1, 1977 — DECIDED JULY 13, 1977.

*Richard S. Gault,* for appellants.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.

McMURRAY, Judge, dissenting.

Hubert and Montez Smith, husband and wife, were jointly indicted for murder. The jury found Hubert Smith guilty of voluntary manslaughter and Montez Smith guilty of involuntary manslaughter. On appeal, the majority hold the jury verdict to be inconsistent in that the state presented a case of intentional homicide and the wife as a co-conspirator was either equally as guilty as her husband or not guilty, and they reverse as to the defendant Montez Smith since she was found not guilty of murder and voluntary manslaughter. To this I do not

agree.

The evidence shows that the defendants were trying to locate defendant Montez Smith's minor children after the deceased, Charles Hyde, had taken them out with the baby-sitter late at night. The defendants arrived at the mobile home of Hyde, traveling at a high rate of speed and stood outside cursing, beating on the mobile home and shouting threats to Hyde who made no response. Montez Smith then broke a window, reached in and opened the door, and entered the mobile home followed by her husband, Hubert Smith. There were sounds of a beating or fight taking place followed by a gunshot. Hubert Smith came to the door of the mobile home and stated that he had shot Hyde. He did not admit it was an intentional killing, but testified that Hyde was shot in the struggle over a rifle. The evidence in my opinion is sufficient to support both verdicts. I find no error in the denial of defendants' joint motion for new trial. See *Cohran v. State,* 141 Ga. App. 4 (1) (232 SE2d 355), and cases cited therein. The majority reverse as to Montez Smith.

Montez Smith contends that her sole purpose in entering the home of Hyde was to find her children. The jury was authorized by the evidence presented to believe that she entered with the intent to commit an unlawful act other than a felony. *Cohran v. State,* supra. I find no error in denying her motion for a directed verdict of acquittal. See Code §§ 26-801, 26-802 and 26-1103 (a).

If I had been on the jury I might have agreed with the majority that she was equally as guilty as her husband. The evidence shows she broke the window, and entered the premises (mobile home) of the deceased. This was criminal trespass or burglary; and could have amounted to murder or voluntary manslaughter or involuntary manslaughter as to her. The jury foreman in response to a question by the trial judge stated that, "we [the jury] thought she was withdrawing from the affair completely and therefore we [the jury] found her guilty of involuntary manslaughter." In my opinion the jury could have found her guilty of murder, voluntary manslaughter, involuntary manslaughter or she could have been acquitted. As to involuntary manslaughter she was guilty of criminal trespass, which is a misdemeanor (Code §

26-1503). This court has no right to override the jury and set aside its findings. *Roberts v. State,* 43 Ga. App. 95 (157 SE 883); *Cohran v. State,* 141 Ga. App. 4 (1), supra.

The trial judge also charged on such misdemeanors as pointing a gun or pistol at another, whether loaded or unloaded. Of course, this would also apply to the husband but he was found guilty of voluntary manslaughter, hence, Code § 26-2908 did not apply to him. He also charged on Code § 26-2910 as to reckless conduct, and of course, the wife may have been guilty of reckless conduct in entering this trailer under the circumstances without any intention of killing or harming the deceased, and yet he died. He also charged Code § 26-1301 as to simple assault and she could have been guilty of simple assault which is also a misdemeanor. In giving the jury instructions as to reckless conduct and simple assault, both of these arise out of criminal trespass in entering the trailer under the circumstances. The charge on assault probably comes from the admission or incriminatory statement by the husband stating that the wife assaulted the deceased in the mobile home.

As to the possible inconsistency of the verdict, I call attention to such cases as *Allen v. State,* 164 Ga. 669 (1) (139 SE 415), where two persons were jointly tried and the jury returned a verdict as to murder as to one and " 'manslaughter' " as to the other. See also in this connection the case of *Register v. State,* 10 Ga. App. 623 (4) (74 SE 429), where a jury even without an instruction as to involuntary manslaughter returned a verdict of involuntary manslaughter, and this court held that the jury thereby acquitted him of the higher grades of homicide (murder and voluntary manslaughter), and the lower court erred when it refused to accept the involuntary manslaughter verdict and instructed them to go back and find a different verdict. That jury there had requested a charge on involuntary manslaughter, that is, the different degrees of manslaughter, and the court refused to give any instructions on involuntary manslaughter. Thereupon, the jury returned a guilty verdict of voluntary manslaughter, and that case was reversed.

Under our Constitution (Code Ann. § 2-201; Const. of

1945), the jury in all criminal cases is the judge of both the law and the facts, and the evidence here is sufficient to support the verdict. Nor is the evidence necessarily the same as to both defendants as the jury so determined, and I would not set aside the jury verdict.

I therefore respectfully dissent.

I am authorized to state that Judge Smith joins in this dissent.